COALGATE CO. *et al.* v. BROSS.

No. 244.   Opinion Filed November 11, 1909.

(107 Pac. 425.)

1.   APPEAL AND ERROR—Necessity for Objections in Lower Court—Misconduct of Counsel.   To present the question of misconduct of counsel in making improper statements to the jury in his argument for appellate review, there must be an objection seasonably made, and an exception properly taken if it is overruled.

2.    **DAMAGES—Injury to Servant—Question for Jury—Extent of Injury.**   Where several nonexpert witnesses testify on one side. to the effect that an injury for which damages were allowed by a jury was of a permanent nature, and the plaintiff's injured hand was exhibited to the jury in corroboration of said testimony, and several expert witnesses testify on the other side that the injury was slight, and that there was a complete recovery, it was proper to submit the evidence on both sides to the jury. and let it decide the disputed question of fact.

3.    **MASTER AND SERVANT—Injury by Fellow Servant—Right of Joint Action.**   Under section 36, art. 9, of the Constitution, which provides: "The common-law doctrine of the fellow servant, so far as it affects the liability of the master for injuries to his servant, resulting from the acts or omission of any other servant or servants of the common master, is abrogated as to every employee of every railroad company and every street railway company or interurban railway company, and of every person, firm. or corporation engaged in mining in this state; and every such employee shall have the same right to recover for every injury suffered by him for the acts or omissions of any other employee or employees of the common master that a servant would have if such acts or omissions were those of the master himself in the performance of a nonassignable duty * * * "—where the negligence of the fellow servant causes the injury of a person engaged in the service of a corporation as a rope rider in the slope of a coal mine, his act constitutes a breach of duty of the master, and at the same time a breach of duty on his own part toward his co-employee, and the person injured may maintain a joint action against the master and servant for the injury.

(Syllabus by the Court.)

*Appeal from District Court, Coal County; A. T. West, Judge.*

Action by Jesse Bross against the Coalgate Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*E. E. McInnis, C. Porter Johnson,* and *Arthur G. Moseley,* for plaintiffs in error.

*D. H. Linebaugh,* for defendant in error.—Citing: *Charman v. Lake Erie & W. R. Co.,* 105 Fed. 449.

KANE, C. J.   This was an action for personal injuries, commenced against the Coalgate Company, a corporation owning and operating a coal mine at Coalgate, Okla., and its hoisting engineer, George Wheeler, by Jesse Bross, the defendant in error, who was plaintiff in the court below; the plaintiffs in error here

being defendants. The plaintiff claims to have received injuries while in the service of the defendants as a rope rider, in a slope of a coal mine near Coalgate, on December 1, 1907. It appears from the evidence that he was pushing a trip of two cars down the slope; that to this trip was attached one end of a wire rope, while the other end was attached to the drum of a hoisting engine upon the surface of the ground near the mouth of the mine; that the latch kicker, Madden, who was in the slope at the time near the plaintiff, gave a signal to the engineer, Wheeler, to lower the trip, but, instead of lowering it, he jerked it upward and against plaintiff, injuring him. The defendants filed separate demurrers to the petition, on the ground that the causes of action sought to be joined against the Coalgate Company and against defendant Wheeler were improperly joined, which demurrers were overruled by the court, and the defendants excepted. Thereafter defendants filed separate answers, containing a general denial, a plea of contributory negligence, and one of assumption of risk, on the part of the plaintiff. Plaintiff filed a reply in the nature of a general denial. When the cause was called for trial the defendants filed separate motions to require the plaintiff to elect as to whether he would proceed against the Coalgate Company or defendant Wheeler, alleging the causes of action against them were improperly joined, and that the petition was multifarious, which motions were overruled, and defendants excepted. Thereupon the cause proceeded to trial before the court and a jury upon the issues joined by the pleadings. Thereafter a verdict signed by nine of the jurors in favor of the plaintiff and against defendants, for the sum of $3,000, was returned, and judgment was duly entered thereon. From this judgment the defendants appealed to this court by petition in error and case-made.

While counsel for defendants assign various grounds upon which the judgment of the court below should be reversed, they have confined themselves in their brief and oral argument to the following: (1) That there is error in the said judgment and proceedings in that the defendant in error, being the prevailing party, at the trial in the said action was guilty of irregularity in

the proceedings therein, by reason of his counsel making the remarks in his address to the jury excepted to by plaintiffs in error, and set forth in full in the record; (2) that there is error in the said judgment and proceedings in that the verdict of the jury is excessive, appearing to have been given under the influence of passion or prejudice; (3) that the court committed error by overruling the separate demurrers of said defendants. The other errors complained of are predicated upon instructions given and refused, and excluding from the jury certain evidence as to a conversation in the mine between plaintiff and Madden, or so much thereof as passed from Bross to Madden.

The misconduct of counsel complained of, as shown by the record, was that plaintiff's attorney, while engaged in the closing argument before the jury, and in reply to the argument of defendant's attorneys, based upon the evidence of the early date of filing of the first suit in this cause, made the following remarks:

"There are two sides to this question, gentlemen of the jury. These corporations make a habit of going to these men that are hurt and settling these cases without consulting their attorneys. Lawyers have suffered that way in the Indian Territory."

Whereupon attorneys for defendants asked, "Do you claim that has occurred in this case?" to which the attorney for the plaintiff replied: "No; because I beat them to it"—to all of which remarks of counsel the defendants then and there duly excepted at the time. Counsel for defendant in error insists that to present the question of misconduct of counsel in the argument, objections should be made to the alleged improper statements, and a ruling asked thereon by the trial court, and a mere exception to the remarks of counsel, not preceded by any ruling of the court, is not sufficient to raise the question as to the propriety of such language. There is considerable confusion upon the question, how may error in allowing a prejudicial line of argument be saved for review in an appellate tribunal. This court has not committed itself on the question, and is disposed to follow the rule approved by Mr. Thompson in his work on Trials (volume 1, § 962) that the "more correct view is that such an irregularity can only be saved

for appellate review by an objection seasonably made, and excep-
tion properly taken if it is overruled." However, we are of the
opinion that the misconduct of counsel in the case at bar could
not, under the circumstances, have been prejudicial to the rights
of the defendant.   The record shows that after the conclusion of
argument of counsel, and just before the jury retired, the court
made the following statement:

"Gentlemen of the jury, in reference to the remarks that Mr.
Linebaugh made in regard to the coal company settling these
suits without the consent or knowledge of the attorneys of the in-
jured parties, you will not consider that.   When the defendant's
attorneys excepted to the remarks, he said that he would with-
draw them—I understood him to say that he would take it back;
he said that he told me to instruct the jury not to consider those
remarks—I did not hear that part of it, but you will not now con-
sider those remarks."

We are of the opinion, therefore, that the conduct of counsel
was not such under the circumstances as to warrant this court in
holding it to be reversible error.

Under the second subhead of his brief counsel for plaintiff in
error argues that, as plaintiff's injuries consisted of a simple
fracture of the radius of the forearm, from which no serious con-
sequences followed, and which without fault on his part would
have kept him from work about 60 days, the verdict of the jury
was excessive.   The plaintiff introduced no expert evidence to
establish the nature or permanency of the injury.   He and the
members of his family testified that since the injury he had never
been able to use the hand injured; that he has no power to open
and close the fingers of that hand; that the injury is permanent,
and he could not open his hand as far at the time of the trial as
he could 60 days before; that he had not at the time of the trial,
nor had he had since the time of the injury, any power or con-
trol over the fingers of that hand.   On the other hand, five phy-
sicians, among them two who waited upon the plaintiff, testified,
in substance, that the radius of the forearm was broken; that there
was a slight displacement; that they put the bone in perfect ap-
position, and that there had been a complete recovery; that the

splints were taken off at the end of 30 days, and that the· recovery at that time was practically complete; that the ligaments were not torn, and that there was no paralysis; that if the patient had begun to use his hand at the time the splints were taken off, the hand would have been all right at the date of the trial. Counsel insists that this expert evidence, notwithstanding that it is contradicted by the nonexpert evidence of plaintiff and his kinfolks, conclusively shows that the injury was merely a simple fracture, and not a permanent injury, and that, giving the plaintiff 30 days · after the splints were removed in which to recover normal strength, the greatest loss of time that would seem to be reasonably due to the injury would be 60 days. Plaintiff was receiving $2.50 per day, and a verdict for $3,000 was so disproportionate to the actual damage incurred that it ought not in good conscience to be permitted to stand. If it could be taken for granted that the experts were right, and that in view of their testimony no weight should be given to the testimony of the plaintiff and his nonexpert witnesses, the contention of counsel would probably be well taken. But they cite no authority where such preponderance has been given to expert testimony, and we can think of no reason·now why it was not proper to submit the testimony on both sides to the jury, and let it decide its weight and the credibility of the witnesses. The testimony of the experts may seem very persuasive to the court, but the jury and the court below saw the witnesses face to face, the condition of the injured hand, and no doubt gave due consideration to all the evidence. Under the· circumstances we are of the opinion that the court is bound by the oft-reiterated rule that, if there is any evidence, direct or indirect, reasonably tending to support the verdict of the jury, this court will not disturb it. Every presumption is in its favor, and the court will not weigh or balance the evidence.

Under the next assignment of error counsel for plaintiffs in error insist that it was error for the court below to refuse to require the defendant in error to elect as to which cause of action alleged in his petition, viz., the cause set out against the defendant the Coalgate Company, or the cause set out against the

defendant Wheeler, he would stand on; maintaining that the cause of action against the master, the Coalgate Company, and the servant, Wheeler, are separable, and that they ought not to be proceeded against jointly. There is considerable conflict on the question of the right to join master and servant as defendants in an action for the servant's negligence. The question does not seem to have been passed upon squarely by the Supreme Court of the United States, but the courts of last resort of a good many of the states and the federal courts, District and Circuit, and Circuit Court of Appeals, have passed upon it many times. From an examination of the authorities it seems that the weight of authority in the state courts is in favor of such joinder, while in the federal courts the preponderance is perhaps the other way. Both state and federal authorities in favor of and against such joinder are collected and considered in *Charman v. Lake Erie & W. R. Co. et al.* (C. C.) 105 Fed. 449, and *Helms v. Northern Pac. Ry. Co. et al.* (C. C.) 120 Fed. 389; the first case taking the affirmative, and the second the negative side of the question. As these cases have fully collected the authorities and discussed the proposition *pro* and *con,* we will not cite further cases, or attempt to reconcile them, but merely adopt the reasoning of Judge Baker in *Charman v. Lake Erie & W. R. Co. et al., supra,* as it seems to us to be sound, and the statute construed is practically the same in effect as section 36, art. 9, of our Constitution, which provides:

"The common-law doctrine of the fellow servant, so far as it affects the liability of the master for injuries to his servant, resulting from the acts or omission of any other servant or servants of the common master, is abrogated as to every employee of every railroad company and every street railway company or interurban railway company, and of every person, firm, or corporation engaged in mining in this state; and every such employee shall have the same right to recover for every injury suffered by him for the acts or omissions of any other employee or employees of the common master that a servant would have if such acts or omissions were those of the master himself in the performance of a nonassignable duty. * * * "

It is argued by counsel for plaintiffs in error that the cause of action of one servant against another grows out of the legal

duty that each owes to the other to use due care for the other's safety in the conduct of the common undertaking, and that the cause of action against the master for the negligence of the servant, being based upon the foregoing provision of the Constitution, precludes the idea of joint liability; that each is separately liable for the same thing upon a different cause of action; neither is jointly liable with the other for the same thing upon the same cause of action. Judge Baker, who wrote the opinion in the *Charman Case, supra,* on this question, says:

"It is not necessary to the maintenance of a joint action for tort that the injury should grow out of the breach of a joint duty, nor out of the same or similar duties deducible from the same or similar principles of law. The rule would seem to be that, where the same acts or omissions constitute and give rise to a breach of duty owing by such defendant to the plaintiff, and concur and co-operate in producing the injury, a joint action may be maintained."

This language seems to be peculiarly pertinent to the case at bar. The constitutional provision above referred to seems to make the tort of the servant the tort of the master, and gives the injured employee the same right to recover against the master for injuries incurred by him for the acts or omissions of his fellow servant as if the master himself was present and committed the tort in the performance of a nonassignable duty. We are of the opinion that under the foregoing section of the Constitution a servant has the right to join his master and fellow servant as defendant in an action for the servant's negligence, although the master may not be present and participating in the injury complained of except in virtue of the foregoing constitutional provision.

The remaining assignments of error present questions based upon alleged error in refusing and giving certain instructions, and in sustaining an objection to certain evidence sought to be elicited on cross-examination. We have examined the instructions given and refused and the record of the trial very closely, and are satisfied that the case was submitted to the jury upon proper instructions, and that the defendant is not prejudiced by any of

the instructions given or refused, and that the rejection. of the evidence complained of was in no way prejudicial.

The judgment of the court below is accordingly affirmed.

All the Justices concur: ·