# WESTERN COAL & MINING CO. *et al.* v. OSBORNE.

No. 1117.   Opinion Filed September 26, 1911.

Rehearing Denied November 14, 1911.

(119 Pac. 973.)

1. **REMOVAL OF CAUSES—Proceedings for Removal—Effect.** When a petition for removal to the proper court of the United States is filed in a state court, accompanied by the proper bond, only a question of law as to the sufficiency of the petition for removal is presented to the state court.

2. **SAME—Proceedings for Removal—Effect.** Where the right of removal arises out of the facts averred in the petition for removal, that issue cannot be tried in the state court, but must be heard in the federal court to which removal is sought.

3. **SAME—Proceedings for Removal—Effect.** Where a suit is brought against a foreign corporation and one of its resident employees alleging the joint negligence of both as the cause of the injury suffered by the plaintiff, and the corporation files a petition for removal, setting up that its employee had no duty to perform and did nothing with reference to the alleged negligent acts, but that he was joined for the fraudulent purpose of preventing a removal to the United States Circuit Court, the petition for removal should be granted by the state court, and the question of fact involved left for the determination of the Circuit Court of the United States.

4. **SAME—Petition—Verification.** While it is good practice to verify a petition for removal, such verification is not a necessity, and defects alleged to exist are not material.

5. **SAME—Waiver of Objections—Proceedings at Trial.** After a petition for removal has been overruled by the state court and an exception saved, the error, if any, is not waived by proceeding to trial and, in doing so, filing a motion requiring the plaintiff to furnish security for costs.

(Syllabus by Ames, C.)

*Error from District Court, Coal County; A. T. West, Judge.*

Action by William F. Osborne against the Western Coal & Mining Company and another.  Judgment for plaintiff, and defendants bring error.  Reversed and remanded, with instructions.

*Ira D. Oglesby,* for plaintiffs in error.

*D. H. Linebaugh,* for defendant in error.

Opinion by AMES, C. This action was brought in the district court of Coal county by William F. Osborne, the defendant in error, against the Western Coal & Mining Company and Dave Stoddard, the plaintiffs in error, to recover damages sustained by the plaintiff while employed in a mine belonging to the defendant, the Western Coal & Mining Company. The Mining Company filed its petition for removal, which was overruled by the district court, and thereafter the case proceeded to trial, resulting in a verdict in favor of the plaintiff and against the defendants, who bring the case here by petition in error. At the threshold of the case we are confronted with the question of the court's jurisdiction to proceed after the filing of the petition for removal, and if the cause should have been removed it is unnecessary to consider the other assignments of error.

The plaintiff was injured while driving a car through a door, or brattice, in a mine operated by the Mining Company. The allegations of his petition are to the effect that the defendant Stoddard was employed by the Mining Company as "air boss," and that it was his duty, among other things, to supervise the ventilating apparatus in the mine, to see that the doors were properly placed and hung and to keep the same in repair, and that the particular door by which the plaintiff was injured was negligently erected and was in an unsafe condition and negligently equipped with an unsafe prop to hold it open while the plaintiff was driving through it, and that these conditions were brought about by the negligence of both Stoddard and the Mining Company.

There are certain settled principles governing removals, which are stated by Mr. Justice Day in his dissenting opinion in *Illinois Central Railroad Company v. Sheegog*, 215 U. S. 308, 324, 30 Sup. Ct. 101, 105 (54 L. Ed. 208), as follows:

"When the petition for removal is filed in the state court, accompanied by the proper bond, a question of law as to the sufficiency of the petition for removal only is presented to that court. *National S. S. Co. v. Tugman*, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed. 87; *Stone v. South Carolina*, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962; *Carson v. Hyatt*, 118 U. S. 279, 6 Sup. Ct. 1050, 30 L. Ed. 167; *Burlington, C. R. & N. R. Co. v. Dunn*, 122 U. S.

513, 7 Sup. Ct. 1262, 30 L. Ed. 1159; *Crehore v. Ohio & M. R. Co.*, 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144; *Madisonville Traction Co. v. St. Bernard Min. Co.*, 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462.

"It is equally well settled, and is a result of the principle just stated, that where the right of removal arises because of certain facts averred in the petition, that issue cannot be tried in the state court, but must be heard in the federal court, which alone has jurisdiction to determine such issues of fact. *Carson v. Dunham*, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992; *Burlington, C. R. & N. R. Co. v. Dunn*, and *Crehore v. Ohio & M. R. Co., supra; Kansas City, Ft. S. & M. R. Co. v. Daughtry*, 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963; *Madisonville Traction Co. v. St. Bernard Min. Co., supra.*"

It is true that these principles are quoted from the dissenting opinion, but the court in the majority opinion concedes these to be correct, and in considering the question involved, these principles may be taken as the settled law applicable.

It follows, therefore, that for the purpose of determining whether the petition for removal should have been granted, we cannot consider the events transpiring at the trial, so that we must disregard the fact that at the trial there was testimony tending to show that Stoddard did have a duty to perform with reference to the door in controversy, and that he did perform it negligently, and that the verdict was against him as well as the Mining Company, but we must determine the question upon the petition of the plaintiff and the petition for removal, taking as true the facts alleged by the defendant in the petition for removal. The facts so alleged are as follows:

"That said complaint, if it states a cause of action, states one wholly against this defendant for negligence in the manner in which it operated its coal mine, and for its failure to perform duties imposed upon it by law, and does not show any personal negligence or personal acts of the other defendant, Dave Stoddard, by which he is liable to plaintiff, nor does the said complaint show such facts as make the defendants jointly liable. If any joint liability is alleged and shown by said complaint, the alleged joint liability does not in fact exist, and the said allegations and attempt to show joint negligence of defendants and said Dave Stoddard as defendant herein and making him defendant of this

suit were for the sole purpose of defeating defendant's right to remove this cause to the United States Circuit Court, and the said Stoddard was fraudulently made defendant for this purpose and no other. Defendant alleges that the codefendant, Dave Stoddard, had no personal connection with the action complained of by plaintiff, and he did nothing and omitted to do nothing which in any way contributed to the accident, and at the time thereof it was not his duty to see that the door mentioned in plaintiff's complaint was properly placed and properly hung, nor was it his duty to keep same in repair, and all allegations of personal negligence of the said Dave Stoddard are untrue."

The defendant relies primarily upon *Wecker v. National Enameling & Stamping Company,* 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, while the plaintiff relies primarily upon *Illinois Central Railroad Company v. Sheegog,* 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. 208.

In the Wecker case the plaintiff sued the Stamping Company and one Wettengel, alleging that Wettengel as an employee of the Stamping Company was charged with the superintendence and oversight of the plaintiff in the performance of his duty as well as with the duty of superintending and properly planning the construction of a furnace and providing suitable safeguards for the protection of plaintiff while working thereon. The Stamping Company, in its petition for removal, alleged that Wettengel was not charged with the superintendence and oversight of the plaintiff, or with the duty of properly planning the construction of the furnace or any of the safeguards connected therewith, and that he was merely a draftsman or clerk whose sole duty was to draw plans according to instructions, and that the plaintiff at the time of filing the suit well knew the facts, and that Wettengel was joined merely for the purpose of preventing a removal to the United States court. Upon this petition the case was removed into the Circuit Court, and there the question of fact was tried out, and the Circuit Court found on the evidence that the averments of the petition for removal were true, and that the case therefore was properly removable. This is substantially identical with the case at bar, the only difference being that in the case at bar the petition for removal does not allege that the plaintiff

at the time of filing his petition actually knew that Stoddard had nothing to do with the construction or maintenance of the door, but it does allege that this was the fact, and that Stoddard was fraudulently joined in order to defeat a removal.

In the Sheegog. case the plaintiff sued the Illinois Central Railroad Company as the lessee, the Chicago, St. Louis & New Orleans Railroad Company as the lessor, and the conductor of the train, in the operation of which, as engineer, the plaintiff's intestate was injured. The suit was brought in Kentucky. The Illinois Central was an Illinois corporation, while the other defendants were citizens of Kentucky. The petition for removal averred that the averments of the plaintiff's petition were falsely made in order to prevent a removal to the federal court, but removal was denied by the trial court and this action was affirmed by the Supreme Court of Kentucky as well as by the Supreme Court of the United States. To a certain extent the case turned upon the question of the joint liability of the lessor and lessee railroad companies, and the majority of the court, in an opinion delivered by Mr. Justice Holmes, held that, as under the Kentucky law the lessor railroad company was liable with the lessee either jointly or severally, there could not be a fraudulent joinder as to the lessor unless the suit was fraudulently brought as to the lessee, and that upon this point the plaintiff had a right to select the court in which he would litigate. In the opinion it is said:

"Of course, if it appears that the joinder was fraudulent, as alleged, it will not be allowed to prevent the removal. *Weeker v. National Enameling & Stamping Co.*, 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Am. & Eng. Ann. Cas. 757. And, further, there is no doubt that the allegations of fact, so far as material, in a petition to remove, if controverted, must be tried in the court of the United States, and therefore must be taken to be true when they fail to be considered in the state courts. *Crehore v. Ohio & M. R. Co.*, 131 U. S. 240, 244, 9 Sup. Ct. 692, 33 L. Ed. 144, 145; *Chesapeake & O. R. Co. v. McCabe*, 213 U. S. 207, 29 Sup. Ct. 430, 53 L. Ed. 765. On the other hand, the mere epithet 'fraudulent' in a petition does not end the matter. In the case of a tort which gives rise to a joint and several

liability, the plaintiff has an absolute right to elect, and to sue the tort-feasor jointly if he sees fit, no matter what his motive, and therefore an allegation that the joinder of one of the defendants was fraudulent, without other ground for the charge than that its only purpose was to prevent removal, would be bad on its face. *Alabama G. S. R. Co. v. Thompson,* 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Am. & Eng. Ann. Cas. 1147; *Cincinnati, N. O. & T. P. R. Co. v. Bohon,* 200 U. S. 221, 26 Sup. Ct. 166, 50 L. Ed. 448, 4 Am. & Eng. Ann. Cas. 1152. If the legal effect of the declaration in this case is that the Illinois Central Railroad Company was guilty of certain acts and omissions by reason of which a joint liability was imposed upon it and its lessor, the joinder could not be fraudulent in a legal sense on any ground except that the charge against the alleged immediate wrongdoer, the Illinois Central Railroad itself, was fraudulent and false."

It is true that in this state, under the facts as alleged in the petition, Stoddard and the Mining Company were jointly liable. *Coalgate Co. v. Bross,* 25 Okla. 244, 107 Pac. 425, 138 Am. St. Rep. 915. But if the facts as set out in the petition for removal are true, Stoddard was not liable at all, and his joinder was purely fictitious. As we understand, the gravamen of the decision in the Sheegog case is that, by virtue of the relation between the two railroads there was a joint liability, and as both were liable as a matter of law, there could not be a fraudulent joinder as a matter of fact, and this view of the Sheegog case finds support in the later case of *Chicago, Burlington & Quincy Railway Company v. Willard* (decided April 10, 1911) 220 U. S. 413, 31 Sup. Ct. 460, 465, 55 L. Ed. 521, where in an opinion delivered by Mr. Justice Harlan, who dissented in the Sheegog case, it is held that a cause could not be removed to the federal courts where the lessor railroad and the lessee railroad as a matter of state law were jointly liable, because under such conditions the fraudulent joinder was in fact impossible, and cited the Sheegog case as authority for that position, as shown by the following quotation from the opinion:

"It results that, upon the face of the record, the action throughout was proceeded in as a joint action, and that there was no separable controversy in such an action entitling the Iowa

corporation, as matter of law, to remove the case from the state court. And it cannot be predicated of the plaintiff that he fraudulently and improperly made the Illinois corporation a codefendant with the Iowa corporation when such a charge is negatived, as matter of law, by the fact that the plaintiff was, as we have seen, entitled under the law of Illinois, where the cause of action originated and within which the road in question was located, to bring a joint action against the Illinois and Iowa companies. *Illinois C. R. Co. v .Sheegog,* 215 U. S. 308, 316, 30 Sup. Ct. 101, 54 L. Ed. 208, 211."

The plaintiff objects to the petition for removal on account of an alleged insufficient affidavit, but a verification is not required by the statute, although it is good practice to verify. 4 Fed. St. Ann. 349, 358 (U. S. Comp. St. 1901, p. 508).

The plaintiff argues that the defendant waived its right to a removal by filing a motion in the state court to require the plaintiff to secure the costs, and in support of this cites *Denning v. Kelly,* 9 Ark. 435. In that case, however, the defendant, before raising objections to the jurisdiction of the court, filed its motion to require the costs to be secured and the court held that this was an appearance. We do not think that case applies, both for the reason stated and for the further reason that there the question involved was one of jurisdiction over the defendant, while here the question involved is not one of jurisdiction at all, but of the defendant's right to remove the cause from one court having jurisdiction to another court having jurisdiction.

The cause, for the reasons stated, should be reversed, and remanded to the trial court with instructions to grant the petition for removal, but, of course, we do not mean to intimate any opinion as to the action that should be taken by the Circuit Court of the United States in the event of a motion to remand.

By the Court: It is so ordered.

All the Justices concur.