## ROXANA PETROLEUM CORPORATION et al. v. DORMIRE et al.

No. 21484. Opinion Filed Jan. 24, 1933.

Thompson, Mitchell, Thompson & Young, Joe T. Dickerson, William F. Davis, and John M. Thompson, for plaintiff in error Roxana Petroleum Corporation.

Edw. H. Chandler, Summers Hardy, and Robert L. Imler, for plaintiff in error Sinclair Oil & Gas Company.

J. C. Denton, R. H. Wills, J. H. Crocker, and I. L. Lockewitz, for plaintiff in error Mid-Continent Petroleum Corporation.

T. J. Sargent and Irving D. Ross, for defendants in error.

OSBORN, J. This action was commenced in the district court of Noble county by Emma E. Dormire, as plaintiff, against Roxana Petroleum Corporation, Sinclair Oil & Gas Company, and Mid-Continent Petroleum Corporation, foreign corporations, and C. G. Smith, Ted Hoss, and John Hepler, local residents, as defendants, seeking recovery of damages to a certain tract of land situated in Noble county, alleged to have accrued to plaintiff by reason of the negligent operation of certain oil and gas wells by the defendants, whereby salt water and other deleterious substances had permanently polluted and destroyed as a water supply the waters of Black Bear creek, and had permanently damaged plaintiff's farm.

The cause was tried to a jury, resulting in a judgment against the three corporations above named in the sum of $5,000, the court having instructed a verdict in favor of the defendants C. G. Smith, Ted Hoss, and John Hepler. From this judgment the above-named corporations have perfected this appeal, making C. G. Smith, Ted Hoss, and John Hepler defendants in error with the plaintiff, Emma E. Dormire.

Defendants contend that the court erred in not permitting said cause to be removed to the federal court. To determine this question it will be necessary to advert to the record. No petition for removal was presented in this cause until the conclusion of the plaintiff's evidence. Answers were filed by Smith, Hoss, and Hepler, in which they admitted that the oil and gas wells were operated by them, but only as employees of their respective companies, and alleging that said oil and gas wells had been operated by them in a careful and prudent manner, in accordance with the customs and usages of the oil industry. After plaintiff had introduced much evidence as to the negligent operation of said wells, and the damage sustained by her, she endeavored to introduce evidence to connect the three personal defendants above named with contributing to her damages, but her effort in this respect was unavailing. At the conclusion of the plaintiff's case, each of the said three personal defendants, through their attorneys, demurred to the evidence, the court reserving his ruling thereon, but, in the instructions of the court to the jury, the court directed the jury to return a verdict in favor of said personal defendants.

At the conclusion of the plaintiff's case, the three corporation defendants filed a petition, alleging the nonresidence of each of them, and a bond, praying for the removal of said cause to the proper federal court. The trial court declined to order said removal, holding that said cause at that time was not a removable controversy.

It is contended by said corporation defendants that the action of plaintiff in failing to introduce evidence substantiating the allegations of negligence in her petition constitutes a voluntary abandonment of her alleged cause of action, and that they were entitled to remove said cause, for the reason that there were no longer any resident defendants in said cause.

It will be noted that neither prior to answer day, nor at the time specified above, was there a petition for removal filed by said defendants claiming a fraudulent joinder of said local defendants to prevent removal.

We do not think the trial court erred in denying removal of said cause.

The record does not disclose that the plaintiff, by any voluntary act, eliminated said defendants as parties to said controversy. Such elimination, if any, was by order of the court in the trial on the merits. Moreover, it appears that the three corporate defendants, in instituting proceedings in this court, joined said three personal defendants as defendants in error herein.

In the case of Great Northern Railway Co. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713, the Supreme Court of United States held:

"The plaintiff may, by the allegations of his complaint,—there being no fraudulent purpose to evade removal,—determine the status, with respect to removability, of a case arising under a law of the United States, when it is commenced, and this power continues with the plaintiff throughout the litigation, so that whether such a case, nonremovable when commenced, shall afterwards become removable, depends not upon what the defendant may allege or prove, or what the court may, after hearing upon the merits, order, in invitum, but

solely upon the form which the plaintiff by his voluntary action gives to the pleadings in the case as it progresses."

The principles announced in the case of Sinclair Oil & Gas Company v. Albright, No. 20277, this day decided by this court, 161 Okla. 272, 18 P. (2d) 540, are applicable to this case.

The fifth assignment of error deals with the admissibility of certain evidence offered by the plaintiff. It is shown that a witness, Charles Johnson, testified, over objection of defendants, as follows:

"Q. Now, Mr. Johnson, could the waters of Black Bear creek, as they existed on or about August 1, 1927, be restored to their natural condition so as to be fit for use of live stock and general agricultural purposes by the reasonable expenditure of money? A. No."

As a general rule, a person, in order to qualify as a skilled or expert witness, must have a special knowledge of the subject-matter about which he is to testify. This special knowledge may be gained either by study of the recognized authorities on the subject, or by practical experience. In this connection it will be noted that the witness had lived for several years adjoining the farm of plaintiff, and during that time had ample opportunity to observe, and had observed, the condition of her land. This gave him at least some knowledge, which was not possessed by the average person, about the subject-matter of his testimony.

The following rule is announced in the case of Bell v. Tackett, 134 Okla. 164, 272 P. 461:

"Whether or not the qualifications of a witness with respect to knowledge or special experience is sufficiently established, is a matter resting largely in the discretion of the trial court, whose determination is usually final and will not be disturbed by an appellate court except in extreme cases where it is manifest that the trial court has fallen into extreme error or abused its discretion, and that prejudice to the complaining party has resulted, even though the appellate court might have decided differently if the question had been presented to it in the first instance."

See, also, Phoenix Insurance Co. v. School District No. 132 of Comanche County, 102 Okla. 251, 228 P. 489, Mid-Continent Pipe & Supply Co. v. Central Torpedo Co., 127 Okla. 273, 260 P. 753.

Defendants also assign as error the admission of certain testimony of the witness M. K. Shepard which is as follows:

"Q. Mr. Shepard, I am asking if you know of any way that the salt, oil and other pollutive substance in the soil of the Dormire can be removed or abated by the reasonable expenditure of money? A. I do not."

It will be observed that this is different from the question directed to the witness Johnson. In this question the witness was asked whether or not he possessed certain knowledge, and his reply was that he did not. This could hardly be designated as an expert opinion on the subject-matter involved. We find that no substantial prejudice could have resulted to the defendants by the testimony of these witnesses, nor does the admission of such testimony constitute an abuse of discretion by the trial court.

The defendants complain that the trial court erred in refusing a certain requested instruction as follows:

"You are instructed that there is not sufficient evidence in this case to show that Black Bear creek is permanently destroyed as a water supply. Therefore, in arriving at your verdict, you will not be at liberty to permit the plaintiff to recover for that item."

The question of permanent and temporary damage has provoked considerable discussion by this court in connection with cases of this character. The general rule that, if the injury and damage to land already done, and the cause thereof, cannot be abated by the expenditure of labor and money, the injury and damage is permanent, has been somewhat relaxed in cases of this kind. See Comar Oil Co. v. Hackney, 119 Okla. 285, 250 P. 93.

The operation of a large oil field which naturally results in an accumulation of salt water, base sediment, and crude oil, presents a problem which is somewhat different from the problems usually found in connection with nuisance cases. The contention of the defendants in this case, as in several others, is that they have used every means within their control to prevent the escape of these pollutive substances. Notwithstanding their efforts along this line, however, salt water, crude oil, and other deleterious substances escape into the streams to the damage of the landowners. Therefore, it appears that an oil field in operation constitutes somewhat of a menace to the property owners adjacent to the streams, at least, in some degree, so long as the field is in the process of operation. It has been shown that these substances are subject to seepage through earthen tanks where they have been stored. In some instances, due to heavy rains, these tanks have been caused to overflow, and dams have broken, and until some means is pro-

vided to remove entirely this menace to the landowners, there is some degree of permanency of damage or injury involved in an action of this kind. These are questions of fact which should be submitted to the jury under appropriate instructions. Therefore, we find no error of the trial court in refusing the requested instruction in view of the evidence presented.

In the instant case, defendants have offered some testimony tending to show improved methods of handling salt water and other refuse, but such evidence was not sufficient to justify the conclusion by the court that the cause of injury had been, or could be, permanently abated. This evidence, in connection with plaintiff's evidence, merely raised an issue of fact which was properly submitted to the jury.

The other assignments of error relied upon by defendants have been this day decided in the case of Sinclair Oil & Gas Co. v. Albright, supra.

After reviewing the instructions given by the court, it appears that the issues in this cause were fairly submitted to the jury, and it does not appear that the jury did not understand either the issues of law or fact involved herein.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.

Note.—See under (2) 11 R. C. L. 574; R. C. L. Perm. Supp. p. 2949; R. C. L. Pocket Part, title "Expert and Opinion Evidence," § 8. (3) annotation in 39 A. L. R. 897; 18 R. C. L. 1244.