## SINCLAIR OIL & GAS CO. et al. v. ALBRIGHT, Adm'x, et al.

No. 20277. Opinion Filed Jan. 24, 1933.

Edward H. Chandler, Summers Hardy, J. C. Denton, R. H. Wills, I. L. Lockewitz, Thompson, Mitchell, Thompson & Young, Joe T. Dickerson, and John R. Moran, for plaintiffs in error.

T. J. Sargent and Irving D. Ross, for defendants in error.

RILEY, C. J. This is an action commenced by W. D. Albright, a citizen and resident of Oklahoma, against the Sinclair Oil & Gas Company, Roxana Petroleum Company (now Shell Petroleum Corporation), the Mid-Continent Petroleum Company, all nonresident corporations, C. G. Smith, Ted Hoss, and John Hepler, residents of Oklahoma, to recover damages by reason of the alleged pollution of Black Bear creek, which flows through what is known as the Garber Oil Field in Garfield county, in an easternly direction, and thence through the farm owned by W. D. Albright in Noble county.

After judgment in the district court, the plaintiff, W. D. Albright, died and the case has been revived in the name of Ida Albright, administratrix of the estate of W. D. Albright, deceased.

The petition, as amended, alleges that certain of the leases which were being operated for the production of oil and gas and from which the alleged pollution of the stream was caused were operated by the Sinclair Oil & Gas Company, C. G. Smith, and Ted Hoss, and that another certain lease was operated by the Mid-Continent Petroleum Company and John Hepler. The petition states a cause of action against all of said defendants as joint tort-feasors.

Defendants Smith and Hoss answered separately. Their answer was a general denial of all the allegations of plaintiff's petition, except such as were therein expressly admitted. They then alleged, in substance, that in the operation of the leasehold estates referred to in plaintiff's petition they were acting as employees of the defendant Sinclair Oil & Gas Company, and had no other or further interest therein; that at all times they exercised the highest degree of care in order to prevent the escape of oil, salt water, base sediment and other refuse from the wells, tanks, ponds, and reservoirs on the leases; that if any such refuse matter did escape therefrom (which they deny), the escape thereof was in no manner occasioned by any negligent act of said defendants or either of them; that the construction of the tanks, ponds, reservoirs, etc., for the purpose of preventing the escape of such substances was in conformity with the best known methods and in accordance with the highest degree of care exercised by prudent oil operators in the oil fields of Oklahoma and elsewhere.

Defendant John Hepler answered separately by general denial.

Issues were joined and the cause went to trial before a jury. After plaintiff had introduced his evidence and rested his case in chief, the three nonresident defendant corporations, apparently being of the opinion that plaintiff had intentionally failed and neglected to offer or attempt to offer any evidence against the three resident defendants, Smith, Hoss, and Hepler, and upon the theory that plaintiff had thereby voluntarily abandoned the joint and several causes of action as against the three resi-

dent defendants, filed their notice, petition, and bond for removal of said cause to the United States District Court for the Western District of Oklahoma. The bond was approved by the court "to the extent of giving assent to the strength of the bond and the conditions thereof." Petition for removal was denied and exceptions were saved. Thereupon the petitioning defendants moved the court for a stay of further proceedings until a transcript of the record could be procured and submitted to the federal court for determination as to the rights of said defendants to remove the case to that court. The motion was overruled and defendants and each of them moved for a postponement on the ground of surprise in certain matters not here material. This motion was also overruled. Thereupon the three residents, Smith, Hoss, and Hepler, each separately demurred to plaintiff's evidence upon the ground that the "testimony offered by plaintiff fails to establish a cause of action against said defendants or either of them." This demurrer was sustained and plaintiff saved his exceptions. Thereupon the cause was by the order of the court dismissed as to the three resident defendants, the dismissal being over the objection of the plaintiff. Demurrer to plaintiff's evidence was then interposed by the three nonresident defendants, which was overruled, and said defendants presented their evidence and plaintiff presented his rebuttal evidence. The cause was submitted to the jury, resulting in a verdict for plaintiff in the sum of $3,000. Motions for new trial were filed and overruled. Judgment was entered upon the verdict and the three nonresident defendants appeal.

While the petition in error contains some 27 assignments of error, the principal question presented in the briefs and urged in this court is that the trial court erred in denying the petition for removal and in requiring defendants to proceed with the trial before the matter of the right to remove could be presented to the federal court.

The three nonresident defendants then procured a transcript of the record and filed the same in the District Court for the Western District of Oklahoma. Some three months after the trial and before the case-made of this court was settled and signed the following order was made in the United States District Court for the Western District of Oklahoma:

"On this 25th day of February, 1929, the plaintiff appears by Messrs. Sargent & Ross and John Embry, Esq., his attorneys, and the defendants appear by Summers Hardy, Esq., and I. L. Lockewitz, Esq., their attorneys. Thereupon the motion of plaintiff to remand herein comes on for hearing, arguments of counsel are heard, and the court being duly advised in the premises, it is by the court

"Ordered, that said motion to remand be and it is sustained, this cause remanded to the district court of Noble county, Oklahoma, and the costs in this court taxed to the removing parties. To which order and ruling of the court the defendants except."

A copy of said order under the seal of the United States District Court was filed in the trial court February 16, 1929. Had the decision of the federal court been otherwise a different situation would confront us.

Plaintiffs in error contend that the trial court lost jurisdiction at the time their notice of removal, petition for removal, and bond for removal were filed and presented to the trial court for its consideration.

In Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 42 L. Ed. 673, it was held:

"A petition for removal filed as soon as the case becomes removable—as when the action is discontinued against defendants as to whom there is no separable controversy who are citizens of the same state with the plaintiff, is filed within time although it is after the time when defendants were required to answer."

But where the right to remove a cause from a state court to a federal court does not in fact exist and, after an attempted or colorable removal, the cause is remanded by the federal court for want of jurisdiction, the jurisdiction of the state court is not to be regarded as ever having been lost, and proceedings had in the state court after the attempted removal and pending the remand are generally held to be valid and effectual. 54 C. J. 345.

The question then is: Was the cause removable at the time plaintiffs in error presented their notice, petition, and bond?

In Crehore v. Ohio, etc., Ry. Co., 131 U. S. 240, it is said:

"It has also been repeatedly held, particularly in Stone v. South Carolina, 117 U. S. 430, 432, following substantially Railroad Co. v. Koontz, that, 'a state court is not bound to surrender its jurisdiction of the suit on a petition for removal until a case has been made which on its face shows that the petitioner has a right to the transfer'; and that, 'the mere filing of a petition for the removal of a suit, which is not removable, does not work a transfer. To accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the state court

in the case ends, and that of the Circuit Court begins.' These decisions were in line with Insurance Co. v. Pechner, 95 U. S. 183, 185, arising under the judiciary act of 1789, in which it was held that a 'petition for removal when filed becomes a part of the record in the cause'; that the party seeking the removal should state 'facts which, taken in connection with such as already appear, entitle him to transfer'; and that, 'if he fails in this, he has not, in law, shown to the court that it cannot "proceed further with the case".'

"It thus appears that a case is not, in law, removed from the state court, upon the ground that it involves a controversy between citizens of different states, unless, at the time the application for removal is made, the record, upon its face, shows it to be one that is removable. We, say, upon its face, because 'the state court is only at liberty to inquire whether, on the face of the record, a case has been made which requires it to proceed no further'."

In Stone v. State of S. C., 117 U. S. 430, 29 L. Ed. 962, it was held:

"A state court is not bound to surrender its jurisdiction of a suit on a petition for removal until a case has been made which on its face shows that the petitioner has a right to the transfer."

In Madisonville Traction Co. v. St. Bernard Mining Co., 49 L. Ed. 462 (U. S.), it is said:

"It is well settled that if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made."

It seems to be well settled that when notice, petition, and bond for removal are presented to the state court, the only question presented is one of law, and that is whether it appears on the face of the record, which includes the petition and proceedings down to that time, that the petitioner is entitled to a removal of the cause. That question the state court has the right to decide for itself. If it decides the question adversely to the petitioner, its decision is subject to review by this court, and if its decision be affirmed, then the question may be reviewed by the Supreme Court of the United States. B. C. R. & N. Ry. Co. v. Dunn, 122 U. S. 513.

If the right of removal depends upon a controverted question of fact, there being no fraudulent purpose to evade removal, such as an allegation in the petition of plaintiff that the plaintiff is not a resident of the state wherein the action is brought, and an allegation in the petition for removal that the plaintiff is in fact a resident of such state, the state court is without power or authority to decide such question, and it is error to retain said cause and proceed to judgment until the question is finally determined by the court having power to decide such question, which is the proper federal court. Frasier v. Hines, 260 Fed. 874; Western Coal Mining Co. et al. v. Osborne, 30 Okla. 235, 119 P. 973; C. R. I. & P. Ry. Co. v. Brazzell, 33 Okla. 122, 124 P. 40. But such is not the case here. Great Northern Ry. Co. v. Alexander, 62 L. Ed. (U. S.) 713. The only question involved was whether, under the record, considering the petition of plaintiff as against the three resident defendants, the answers filed by them and the evidence produced by plaintiff down to the time he rested his case in chief, plaintiff voluntarily abandoned or dismissed his case as to such resident defendants. In this connection must also be considered the fact that plaintiff was at all times contending that the evidence, together with certain alleged admissions in the answers of two of the resident defendants, was sufficient to make a case for the jury. Under such circumstances, the plaintiff contends that there was not a voluntary dismissal or abandonment of his case against such resident defendants. The question was one of pure law which the state court had the power and authority to decide. If it decided the question right, the state court did not lose jurisdiction. If it was wrong, any judgment thereafter rendered should be set aside on appeal to this court.

The case of Witcomb & Morris, Receivers, v. Smithson, 175 U. S. 635, 44 L. Ed. 303, fully sustains the holding of the trial court. Therein the plaintiff, a citizen of Minnesota, had sued the Chicago Great Western Ry. Company, a corporation, of the state of Minnesota, together with Witcomb and Morris, receivers of the Wisconsin Central Company, citizens of another state. The receivers filed a petition for removal, setting up diversity of citizenship and that they were officers of the United States court; that the controversy was separable and that the railway company was fraudulently joined for the sole purpose of preventing the removal of the cause. An order of removal was entered and the cause sent to the Circuit Court. It was thereafter remanded to the state court. The cause came to trial in the state court, and after the testimony was closed, the railway company moved for an instructed verdict as to it, which was granted. Thereupon the receivers asked leave to file a supplemental petition for removal. Proffer of petition and bond being

treated as having been made, the court denied the petition.

Thereafter the court instructed the jury to return a verdict for the railway company, which was done. Thereupon the case went to the jury as against the receivers, resulting in a verdict and judgment against the receivers. Appeal was taken to the state Supreme Court, where the judgment was affirmed. In deciding the question on a writ of error to the state court, Chief Justice Fuller said:

"The contention here is that when the trial court determined to direct a verdict in favor of the Chicago Great Western Railway Company, the result was that the case stood as if the receivers had been sole defendants, and that they then acquired a right of removal which was not concluded by the previous action of the Circuit Court. This might have been so if when the case was called for trial in the state court plaintiff had discontinued his action against the railway company, and thereby elected to prosecute it against the receivers solely, instead of prosecuting it on the joint cause of action set up in the complaint against all the defendants. Powers v. Chesapeake & O. R. Co., 169 U. S. 92, 42 L. Ed. 673, 18 Sup. Ct. Rep. 264. But that is not this case. The joint liability was insisted on here to the close of the trial, and the nonliability of the railway company was ruled in invitum."

As to the ruling by the state court on the motion to direct a verdict for the railway company and its effect, the court said:

"This was a ruling on the merits, and not a ruling on the question of jurisdiction. It was adverse to plaintiff, and without his assent, and the trial court rightly held that it did not operate to make the cause then removable and thereby to enable the other defendants to prevent plaintiff from taking a verdict against them. The right to remove was not contingent on the aspect the case may have assumed on the facts developed on the merits of the issues tried."

In Lathrup, Shea & Henwood Co. v. Interior Construction & Improvement Co., 215 U. S. 246, 54 L. Ed. 177, it was held:

"The dismissal, against the contention of plaintiff, after the expiration of the time prescribed by statute for the removal of causes from the state to the federal court, of an action which was brought against a resident and a nonresident, so far as it affects the former, does not deprive the state court of jurisdiction to proceed with the cause against the latter, or entitle him to remove the cause to the federal court."

To the same effect is Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 62 L. Ed. 713.

There was no voluntary dismissal by the plaintiff. He contended in the trial court, and it is contended here, that plaintiff made such a case as should have gone to the jury as to all the defendants.

The record did not show on its face a voluntary dismissal or abandonment by plaintiff of his claim against the resident defendants. The trial court so held. The United States District Court was evidently of the same opinion, since it appears that the case was remanded on the record so made. The trial court did not err in retaining the case and proceeding to judgment notwithstanding the attempt to remove.

It is contended that the trial court erred in admitting certain evidence of an experiment made by certain parties as to the effect of water, coming from the source of alleged pollution, on a horse which was drenched with water taken from one of the creeks flowing from the leaseholds and into Black Bear creek. It is contended that this evidence was inadmissible.

Whether or not evidence of experiment is admissible is, under the circumstances of each case, a preliminary question for the determination of the trial court in the exercise of its discretion, which will not be interfered with by an appellate tribunal unless an abuse is made clearly to appear. 22 C. J. 756. The fact that experiments, evidence of which is sought to be introduced, were made ex parte, and without notice to the adverse litigant, does not render the evidence incompetent. 22 C. J. 756.

The judgment is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.

Note.—See under (1) 23 R. C. L. 747; R. C. L. Perm. Supp. p. 5353. (2) annotation in 8 A. L. R. 24; 10 R. C. L. 1000; R. C. L. Perm. Supp. p. 2807.