## MID-CONTINENT PETROLEUM CORPORATION et al. v. LUNGER et al.

No. 21328. Opinion Filed Jan. 24, 1933.

J. C. Denton, R. H. Wills, J. H. Crocker, and I. L. Lockewitz, for plaintiff in error Mid-Continent Petroleum Corporation.

Thompson, Mitchell, Thompson & Young and Joe T. Dickerson, for plaintiff in error Roxana Petroleum Corporation.

Edw. H. Chandler, Summers Hardy, and Robert L. Imler, for plaintiff in error Sinclair Oil & Gas Company.

T. J. Sargent and Irving D. Ross, for defendant in error J. L. Lunger.

OSBORN, J. This action was commenced in the district court of Noble county by J. L. Lunger against the Mid-Continent Petroleum Corporation, Roxana Petroleum Corporation, and Sinclair Oil & Gas Company, nonresident corporations, C. G. Smith, Ted Hoss, and John Hepler, local residents, to recover damages by reason of the alleged pollution of the waters of Black Bear creek, which flows through what is known as the Garber oil field and thence through plaintiff's farm. Plaintiff alleged that the defendants operated various oil and gas leases in said field and negligently permitted salt water, and other deleterious substances, to flow over and across his lands, by reason whereof the waters of Black Bear creek became permanently destroyed as a water supply for his farm, and his lands had become permanently injured, not only by the

pollution of said water supply, but by reason of the deposit thereon of oil, base sediment, and other injurious substances.

This is a companion case to the cases of Sinclair Oil & Gas Company v. Albright, 161 Okla. 272, 18 P. (2d) 540, and Roxana Petroleum Corporation v. Emma E. Dormire, 161 Okla. 262, 18 P. (2d) 544, decided on this date. In this case, however, the pollution of the waters of Black Bear creek, and the consequent injury to the lands of plaintiff, were admitted by the three corporation defendants in the opening statement of the case at the trial before a jury. The court sustained a demurrer to the evidence of plaintiff as to the three personal defendants.

The question of the amount of plaintiff's damages was submitted to the jury as against the three corporation defendants, and a verdict was returned in the sum of $3,500, on which verdict judgment was rendered by the court, and after motion for new trial was overruled, appeal has been perfected to this court.

Three assignments of error are presented in the brief of defendants, and we shall notice each of them.

The first assignment of error relates to the admissibility of certain evidence of J. L. Lunger, wherein he was permitted to testify, over objection of defendants, that certain water was procured from the source of pollution, and that a horse was drenched with same, resulting in the death of the horse. This same evidence was admitted in the companion cases, above mentioned, and, under the holding of this court in the case of Sinclair Oil & Gas Co. v. Albright, supra, we do not need to consider the same further.

The next two assignments of error will be considered together. Defendants claim that, in the argument before the jury, one of plaintiff's attorneys was guilty of misconduct which prevented them from having a fair trial, and, as a further error, they claim that the verdict is excessive.

The record discloses that one of the attorneys for plaintiff, in his argument before the jury, made inflammatory statements outside of the record concerning an officer of one of the defendant corporations, objection to which statement being made at the time and sustained by the court. The record discloses the following:

"By the Court: The court will instruct the jury that they will disregard the remarks made by the attorney in the closing argument and that they will not let those statements—or that statement enter into their consideration in their determination of the facts in this case."

The corporation defendants thereupon moved for a mistrial in said action, which was by the court denied.

We think the statement made was wholly beyond the pale of proper argument, and we want to emphasize our disapproval thereof. However, the trial court promptly sustained objection thereto and admonished the jury not to consider the same. This, we think, cured the error committed unless the record discloses that prejudice resulted by reason of said improper argument. Charley v. Norval, 97 Okla. 114, 221 P. 255; Aderhole v. Bishop, 94 Okla. 203, 221 P. 752; Colgate Co. v. Bross, 25 Okla. 244, 107 P. 425; McDonald v. Cobb, 52 Okla. 581, 153 P. 138; Campbell v. Breece, 134 Okla. 266, 274 P. 1085.

Upon careful review of the record, we find that defendants admitted that the waters of Black Bear creek had been polluted by them, and that the farm lands of plaintiff had been damaged not only by reason of the pollution of the water supply, but also by reason of permanent injury to the land itself. Plaintiff's witness, Burger, testified that by reason of the damaged condition of the farm, the value thereof had decreased the sum of $8,000. Jack Separd, plaintiff's witness, testified to a decrease in value of $10,000. Plaintiff himself testified to a decrease in value of from $8,000 to $10,000, and that in May, 1927, 60 acres of his land became "a slippery mess of oil, and it was just thick with oil, some places it would be six inches deep, other places it would be thin, and the other 60 acres was polluted with oil."

The defendants themselves proved by the witness C. D. Jensen, introduced by them, that the land had been damaged as much as $2,000.

From an examination of the record, which is very voluminous, we are not impressed that the verdict for the sum of $3,500 is so excessive as to indicate that the prejudicial remarks of counsel resulted in such injury as to warrant a reversal of said cause.

Finding no error in the record, the judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.

Note.—See under (1) annotation in L. R. A. 1918D, 11, 15; 2 R. C. L. 242; 426, 427; R. C. L. Perm. Supp. pp. 401, 402; R. C. L. Pocket Part, title "Appeal," § 200.