[No. 20815. In Bank. — December 12, 1891.]

THE PEOPLE, RESPONDENT, *v.* AH LEN ET AL., AP-
PELLANTS.

CRIMINAL LAW — HOMICIDE — TRIAL — COMMENTS OF COUNSEL UPON FACTS
NOT IN EVIDENCE — NEW TRIAL. — Upon the trial of defendants charged
with murder, the statement by the counsel for the prosecution, in pres-.
ence of the jury, of facts not introduced in evidence, tending to impute
to the defendants a violent character, in making private threats in the
court-room against an assistant in the prosecution, and the comment by
counsel upon such threats, to the prejudice of the defendants, in his argu-
ment to the jury, is a violation of the right of the accused to have a fair
trial upon relevant and competent facts regularly submitted to the jury,
and entitles the defendants to a new trial.

ID. — INTERFERENCE OF COURT — INSTRUCTIONS — PREJUDICIAL ACTION OF
COUNSEL. — The fact that the counsel for the prosecution was prevented
by the court from commenting at length upon such threats, and that the
court instructed the jury to disregard his statement and comments as to
any matter· not in evidence, though to the credit of the court, does not
render the conduct of the counsel unprejudicial error, and should not
preclude the granting of a new trial therefor.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*C. C. Stephens,* and *J. A. Donnell,* for Appellants.

*Attorney-General Hart,* for Respondent.

DE HAVEN, J. — The appellants were charged by in-
formation with the crime of murder, alleged to have
been committed on one Fong Ah Lung, in the county of
Los Angeles, and were convicted of murder in the second
degree.    This appeal is from the judgment, and an order
denying their motion for a new trial.

During the progress of the trial, Mr. Ling, one of the
attorneys conducting the case in behalf of the people,
stated to the court in the presence of the jury: " I would
like to have the court direct the defendants to forbid
them making threats against Charley Ah Him as he sits
here assisting the prosecution of this case.   Now, this is

the second time that it has been done, and I would like to have the court put a stop to it. . . . . Two or three of the defendants have said here just this instant, 'Now you look out what you are doing; you look, or we will fix you.'" The court immediately directed the jury to "pay no attention whatever to remarks made by counsel," and the trial proceeded.

Upon the close of the evidence, the same attorney made the opening address to the jury, and during the course of his argument, " he remarked to the jury that the violence of these defendants in killing Fong Ah Lung was exemplified here in this court-room; that during the trial of the case they could n't keep their mouths shut, but threatened him or his assistant, Charley Ah Him, by making threats in the court-room." To this appellants objected on the ground that it was not warranted or justified by any evidence in the case, and the following proceedings were had:—

"*The Court.*—The court will instruct the counsel for the prosecution to abstain from making any remarks upon any matter not shown by the evidence, and will instruct the jury to pay no attention whatever to any statement of fact which is not warranted by the evidence; that the only matter before them for their consideration is the evidence, and they are not to take into consideration any statement of counsel with reference to any matter of fact which is not shown by the evidence. Proceed with the argument.

"*Mr. Ling.*—It is just what I expected.

"*Mr. Stephens.*—Just a moment.

"*Mr. Ling.*—I expected when the facts came out, the galled jade would wince."

The learned judge of the court below did everything in his power to dislodge from the minds of the jurors any impression which the statements referred to may have made, but we do not think the error committed against appellants was thereby removed from the case. There was no withdrawal of the facts so stated, but, on the contrary, after the court had directed the jury to

disregard them, the counsel who made the statement, in effect, again reiterated its truth by the assertion, "I expected when the facts came out, the galled jade would wince."

A person accused of crime is entitled, under the constitution, to a trial by jury, conducted according to the established principles of law, not the least important of which is, that the verdict shall be founded only upon relevant and competent facts produced before the jury under the rules prescribed for the admission of evidence; and it was held by the supreme court of New Hampshire, in the leading and well-considered case of *Tucker* v. *Henniker*, 41 N. H. 317, that this right is violated "if counsel are permitted to state facts, and comment upon them in argument against the adverse party, which are not before the jury by proofs regularly submitted." It is true that the attorney for the prosecution in this case was not permitted by the court to comment at any length upon the facts which he himself imported into the case; but while this was to the credit of the court, it does not change the fact that a matter not in evidence, and of a nature clearly prejudicial to the appellants, was laid before the jury for the purpose of affecting their verdict, and it is no answer to this to say that the jury may have disregarded it.  As was said in the case just cited: "When counsel are permitted to state facts in argument, and to comment upon them, the usage of courts regulating trials is departed from, the laws of evidence are violated, and the full benefit of trial by jury is denied. It may be said, in answer to these views, that the statements of counsel are not evidence, that the court is bound to so instruct the jury, and that they are sworn to render their verdict only according to evidence. All this is true; yet the necessary effect is to bring the statements of counsel to bear upon the verdict with more or less force, according to circumstances; and if they, in the slightest degree, influence the finding, the law is violated, and the purity and impartiality of the trial tarnished and weakened.  If not evidence, then mani-

festly the jury have nothing to do with them, and the advocate has no right to make them. It is unreasonable to believe the jury will entirely disregard them. They may struggle to disregard them; they may think they have done so, and still be led involuntarily to shape their verdict under their influence."

It follows that the only safe and just rule to apply in such cases is to make it impossible for a party to derive any advantage from such misconduct of counsel by promptly granting a new trial to the adverse party, unless it is clear that the verdict was not affected thereby. It may be added that if the fact stated by counsel had been introduced in evidence, against the objection of appellants, it would have been sufficient to reverse the judgment, as the fact is itself an irrelevant one. It had no legitimate tendency to prove any issue in the case, but it was one which, as urged by counsel for the prosecution, was well calculated to illustrate " the violence " of appellants, and this was doubtless the object of bringing it to the attention of the jury; but the character of a defendant on trial for murder is not subject to this kind of attack.

Judgment and order reversed.

McFARLAND, J., PATERSON, J., SHARPSTEIN, J., GAROUTTE, J., and HARRISON, J., concurred.