**Johnny HORANY, Plaintiff in Error,**

v.

**Ralph PARIS d/b/a Paris Construction, and Paul Leon Jackson, Defendants in Error.**

No. 39234.

Supreme Court of Oklahoma.

Jan. 9, 1962.

Rehearing Denied March 6, 1962.

Dickey & Richard, by Joe Richard, Tulsa, for plaintiff in error.

Knight & Wilburn, by Alfred B. Knight, Tulsa, for defendants in error.

JOHNSON, Justice.

This is an appeal from a judgment of the District Court of Creek County based upon a jury verdict for the defendants. The suit sought recovery for personal injuries. There are two propositions submitted for reversal, both of which are based in large part upon misconduct of counsel for defendants.

During the testimony of plaintiff, he had testified concerning his business (catering), earning capacity, the automobile collision in question and consequent injuries. In one part of the cross-examination appear the following questions asked by defendants' attorney:

"Q. This VFW here that you said that you furnished the entertainment, you did obtain a commission for furnishing the entertainment?

"A. Yes, sir.

"Q. And you did furnish the entertainment for a stag party didn't you?

"A. That was the VFW stag party.

"Q. And that involved furnishing women didn't it?

"Mr. Dickey: Now, your Honor I am going to object to it, your Honor has already said it wasn't relevant.

"Court: Yes, I know it doesn't make any difference unless he was participating in the entertainment that went on.

"Mr. Dickey: I ask your Honor to admonish the jury not to consider the remarks of Mr. Knight.

"Court: That's right. It was put in here purely for the purpose to prejudice the jury, you oughten to allow them to do it. Go ahead, do it any more and I will tell them more than that Mr. Knight."

Following this admonition by the court, at another point in the cross-examination,

counsel for defendants asked certain questions concerning a woman who had taken pictures at the scene of the accident. This portion of the record is as follows:

"Q. Well, this girl that took the photographs at the scene of the accident, what was her name?

"A. Virginia Randell.

"Q. Now, she had worked for you off and on?

"A. Yes, sir.

"Q. You mentioned she worked for you as I believe a photographer, at the Orchid Club wasn't it?

"A. She was an amateur photographer, she took pictures out there yes.

"Q. She was also a waitress wasn't she?

"A. Yes, sir.

"Q. And she was also one of these artiste dancers?

"A. Yes, sir.

"Mr. Dickey: Your Honor I am going to object to him going any further in this line of questioning. It is purely for the purpose of trying to prejudice Mr. Horany in the eyes of the jury.

"Court: Well, I think that's right. I am going to sustain the objection and I think this jury knows what he is doing. I don't believe he is doing anybody any good with it.

"Mr. Knight: If the Court please—

"Court: I told you not to do it, Mr. Knight. I meant it. You ought to know that by now."

The question before this court is whether or not such conduct justifies a reversal. We believe that what we said in Mid-Continent Petroleum Corporation v. Lunger, 161 Okl. 266, 18 P.2d 547, 548, is pertinent here. Therein we held:

"We think the statement made was wholly beyond the pale of proper argument, and we want to emphasize our disapproval thereof. * * *"

We are loath to penalize a litigant for the misconduct of counsel, but to permit such conduct to go unrebuked cannot and will not be permitted. It is impossible to gauge the effect upon a jury when the verdict is for the defendant. As said in People v. Ah Len, 92 Cal. 282, 28 P. 286, 287, 27 Am.St. Rep. 103:

"It follows that the only safe and just rule to apply in such cases is to make it impossible for a party to derive any advantage from such misconduct of counsel by promptly granting a new trial to the adverse party, unless it is clear that the verdict was not affected thereby. * * *"

The high and proper degree of conduct which has been imposed upon the legal profession in connection with irrelevant and improper conduct is illustrated by the California case of Carlston v. Shenson, 47 Cal. App.2d 52, 117 P.2d 408, wherein the following interrogation was condemned:

"Q. What is your occupation?

"A. Stenographer.

"Q. Are you employed in San Francisco?

"A. Yes.

"Q. *Dependent upon your employment for your support?*

"A. Entirely." (Emphasis supplied)

The subtle insinuation contained in this innuendo was held ground for reversal in spite of admonitions by the court to the jury to disregard it.

The pursuance of improper conduct in the questioning of the plaintiff quoted supra, under the circumstances, was prejudicial.

We are sustained in our conclusions herein by the case of Harrod v. Sanders, 137 Okl. 231, 278 P. 1102, wherein a recovery of damages was sought for assault and battery by the defendant. Upon cross-examination the defendant was asked:

"Q. You hit Grant Landon about the same way, didn't you?" (Objection was sustained)

"Q. I will ask if you didn't strike Dr. Hottle in your office in the same way?" (Objection was sustained)

There was subsequently an attempt to prove the incidents asked about. Objection was again sustained.

A judgment for the plaintiff was reversed, and in discussing the misconduct of counsel this court said:

"In our opinion, the efforts of plaintiff's counsel to inject into the case and bring before the jury such incompetent and prejudicial evidence against the rulings and admonishments of the trial court was highly improper, and such misconduct amounted to reversible error.

"We quote with approval from Raefeldt v. Koenig, 152 Wis. 459, 140 N.W. 56, L.R.A.1918E, 1052, wherein the court said:

"'* * * When an attorney has obtained a ruling from the trial court in a form which fairly raises a question as to the admissibility of the evidence sought to be introduced, courtesy to the court should forbid a wilful repetition of the effort, even though the evidence sought to be introduced is not clothed with innuendoes prejudicial to the other side. Much more should such effort cease when it is apparent that the offered evidence is ruled out because it is held to be immaterial, irrelevant, and harmful. Efficient discharge of judicial duty also requires on the part of the trial judge prompt and emphatic disapproval of such conduct, with suitable admonition to the jury to disregard it, to the end that the real issues may be passed upon freed from irrelevant and prejudicial matter.

"'Judgment reversed, and cause remanded for further proceedings according to law.'

"Again, in Watson v. State, 7 Okl. Cr. 590, 124 P. 1101, the court said:

"'In jury trials, incalculable harm is often done by counsel in asking known incompetent questions in the hearing of the jury and thereby forcing the adverse party to object to them also in the hearing of the jury, which manifests a fear of the incompetent questions, and gives emphasis to the harmful matter they are supposed to contain.

"'The repeated asking of incompetent questions, which clearly have for their purpose the intimation of something to the jury that is either not true, or not capable of being proven if true is wrong, and such conduct of counsel is not cured because the court sustains objections (of counsel) to the questions.

"'Mild rebukes of counsel guilty of prejudicial conduct, and continual efforts to override the rulings of the court and the plain principles of law in endeavoring to get incompetent evidence before the jury, cannot be held to cure the injury resulting from such prejudicial action.'

"It is unnecessary for us to set out in more detail wherein the misconduct of the plaintiff's counsel in trying to bring before the jury evidence prejudicial to defendant, after having obtained a ruling from the trial court excluding the same, is ground for new trial; the law is clear; the questions asked speak for themselves. This court cannot approve of such conduct, and, under the authorities cited above, we hold that the conduct complained of in this assignment of error constitutes reversible error."

We think the instant case comparable to the above and that reversible error was committed.

We hold there where in a jury trial an attorney deliberately injects into the case highly improper questions which have for their only purpose reflections upon the character of the witness, mild rebukes of counsel guilty of such prejudicial conduct cannot be held to cure the injury resulting from such action, and such action constitutes reversible error.

Plaintiff in error in his brief complains of comments of the trial judge in the presence of the jury. We deem it unnecessary to pass upon the question since the case must be reversed on other grounds. We feel certain that such comments by the trial court will not be made upon another trial.

The judgment of the trial court is reversed with directions to grant plaintiff a new trial.

WILLIAMS, C. J., and DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, V. C. J., and WELCH and BERRY, JJ., dissent.