Marcel KASNER, Plaintiff in Error,

v.

CITIES SERVICE PIPE LINE CO., a corporation, and Harry M. Wright, a sole proprietor, d/b/a Wright Welding Service, & Machine Shop, Defendants in Error.

No. 40026.

Supreme Court of Oklahoma.

July 16, 1963.

Rehearing Denied Sept. 24, 1963.

Berry & Berry, by Howard K. Berry, Oklahoma City, for plaintiff in error.

Looney, Watts, Looney, Nichols & Johnson, by C. J. Watts and Geo. B. Spencer, Oklahoma City, for defendant in error Cities Service Pipe Line Co.

Pierce, Mock, Duncan, Couch & Hendrickson, by Fred M. Mock, Oklahoma City, for defendant in error, Harry M. Wright, d/b/a Wright Welding Service & Machine Shop.

PER CURIAM. ·

Plaintiff in error, Marcel Kasner, brought this action against the defendants in error for damages for personal injuries sustained by him in a collision involving his automobile and one owned by the defendant in error, Cities Service Pipe Line Company, and driven by defendant in error, Harry M. Wright. At the conclusion of the introduction of plaintiff's evidence, the action as against Cities Service was dismissed. A verdict and judgment in the amount of $2000.00 was rendered against Wright. Reference to the parties will be made here as in the trial court or by name.

Plaintiff alleged that on June 23, 1960, he was driving his automobile in an easterly direction on Northeast 23rd Street in Oklahoma City when his car was struck from behind by a Cities Service vehicle driven by Wright; that as a result of such collision he sustained personal injuries and incurred certain medical expenses; that at the time of the collision, Wright was driving such automobile with Cities Service's knowledge, authority and consent and as its agent, servant and employee; that defendants were jointly and severally liable to plaintiff.

Cities Service filed an answer generally denying the allegations of plaintiff's petition and expressly denied that Wright was its employee or agent and alleged that he was on his way to lunch and under no supervision or control of Cities Service, at the time of the collision.

Defendant Wright in his answer specifically denied every allegation contained in plaintiff's petition.

For reversal plaintiff presents two propositions. "Proposition One" is that:

"When a business owner makes his automobile available to a workman on his premises, for said workman's use in saving time and expediting the conclusion of the job for the property owner's benefit, and, in a damage suit following an accident with the automobile, the owner interposes the defense of 'independent contractor', the question of whether the workman, in possession of the owner's automobile, was an independent contractor, or an agent for whose acts the owner might become liable, is a fact question for the jury's determination."

Under this proposition plaintiff contends that:

"* * * If he were an independent contractor at the start of the job, when he switched over and started saving the company's time by driving the company's automobile, instead of unhitching his pick-up truck from its trailer, compressor, and welding lines, and going to lunch in it, he became an agent insofar as the application of the doctrine of respondeat superior, where the rights of third parties are concerned, was involved."

The evidence was to the effect that Ellis, foreman for Cities Service, engaged Wright to do some welding for Cities Service on its premises; that Wright came to the premises in his pick-up truck which was pulling a trailer containing his equipment; that he went to work about 11 o'clock A.M.; that Ellis and Wright left the job to go to lunch together in the car Cities Service furnished Ellis; that Ellis decided to eat at home and invited Wright who declined because he was sweaty and dirty; that Wright drove Ellis' company car to lunch and while gone had the collision here involved.

Plaintiff in his reply brief states, "If the use of the vehicle was for the benefit of the independent contractor, exclusively, then, as a matter of law, the question should have been decided by the trial court."

The testimony on behalf of defendant Cities Service Pipe Line Co. by its foreman Ellis, was of effect that defendant Wright, on the day in question, appeared with his equipment and immediately entered upon the job as explained to him by Ellis. The evidence, which is not disputed, clearly shows that defendant Wright was only liable to defendant company for a finished job; and that he was to perform his work in his own way without supervision on the part of the Company. There appears to be no question but that defendant Wright, under the evidence, was an independent contractor and plaintiff for all practical purposes in brief admits that he was. Plaintiff, however, is hopeful that we can determine from the evidence that Cities Service Pipe Line was anxious that Wright should hurry back to work from his lunch and that he was, therefore, either an employee of Cities Service Pipe Line, or on a special mission for such company, while driving its automobile at the time it was involved in the collision with plaintiff's automobile.

Plaintiff argues that Cities Service wanted to have the job finished as soon as possible, as shown by the fact that Ellis allowed Wright to drive the Cities Service automobile to lunch. In this regard on direct examination by plaintiff's attorney, Ellis testified as follows:

"Q. Was it a job that you and the management of the department there considered should be properly done in one day?

"A. Yes, sir.

"Q. And was it in the nature of what you might call a rush job, that is, that it had to be done in one day?

"A. No, not necessarily."

The undisputed evidence was that it was not a rush job. There was no evidence to the effect that it was to Cities Service's benefit or advantage that Wright drive its car rather than his pickup when he went to lunch.

Ellis further testified as follows:

"Q. Was he doing any work at that time for the company, on your payroll and on your time?

"A. No, sir.

"Q. Did he charge the company for this time that he had gone to lunch?

"A. No, sir."

There was no evidence that Wright would have charged Cities Service for the "five or ten minutes" it would have taken him to have disconnected the trailer and picked up his tools preparatory to driving his pick-up to lunch.

Plaintiff quotes the sixth paragraph of the editorial syllabus from the case of Fairmont Creamery Co. of Lawton v. Carsten, et al., 175 Okl. 592, 55 P.2d 757, as follows:

"Employee may be independent contractor as to certain work and yet be mere servant as to other work for same employer."

We think the law of that case which is applicable to the instant case is set forth in the second paragraph of the syllabus. Such is as follows:

"The doctrine of respondeat superior applies only when the relation of master and servant is shown to exist at the time and in respect to the very transaction out of which the injury arose."

Plaintiff cites the case of National Trailer Convoy Inc., v. Saul, Adm'x., Okl., 375 P.2d 922. We do not consider such case to be in point. Therein the liability of the corporation which engaged the independent contractor was sustained on the basis that there was competent evidence showing that such corporation should have foreseen that the contractor would become an incompetent driver. We find no such evidence in the instant case of that effect.

In the case of Fairmont Creamery Co., of Lawton v. Carsten, supra, we said:

"Where the evidence with respect to the relation under investigation is sufficient to establish the existence of some relation, and is reasonably susceptible of but a single inference, the question of what relationship is shown to exist is purely a question of law."

This language was approved in the case of Continental Oil Company v. Elias, Okl., 307 P.2d 849, 855.

■ In view of the failure of plaintiff's evidence to tend to show in any manner the furtherance of the business of Cities Service by the use of its automobile by defendant Wright, or that Wright was at the time of the collision herein involved, anything different than an independent contractor, the trial court properly sustained the demurrer of Cities Service to the plaintiff's evidence.

Plaintiff's "Proposition Two" is that:

"In the trial of a jury case, when an attorney repeatedly and persistently asks improper and prejudicial questions which have for their obvious purpose a desire to cast reflections upon the character of a witness or a party, rebukes of counsel by the trial court, and admonitions to the jury to disregard the improper utterances, cannot be held to cure the injury resulting from the action, and such conduct constitutes reversible error."

Plaintiff states that "The law of Horany v. Paris, 369 P.2d 636, (Okl., 1962), appears to be fair enough and applicable." He quotes the syllabus as follows:

"Where in a jury trial an attorney deliberately injects into the case highly improper questions which have for their only purpose reflections upon the character of the witness, mild rebukes of counsel guilty of such prejudicial conduct cannot be held to cure the injury resulting from such action, and

such action constitutes reversible error."

The matters to which plaintiff's counsel objected were the propounding by counsel for defendant Wright of questions respectively relative to plaintiff's physical condition and as to his having brought other suits against various defendants in the courts of Oklahoma County including one for an injury to his back in which latter case he received a settlement.

■ During the course of the trial, plaintiff interposed objections. However, we find nothing in the record to indicate such misconduct on the part of defense counsel as would warrant reversal of the trial court's judgment. The judge of that court sustained plaintiff's objections to some of the questions and properly admonished the jury. No failure of the jury to observe such admonitions and no inadequacy of plaintiff's verdict resulting from prejudice aroused against him in the mind of the jury have been shown.

In the case of State ex rel. Department of Highways v. Weaver, Okl., 297 P.2d 549, we said in the third paragraph of the syllabus:

"In order for misconduct of counsel in propounding certain questions to a witness to effect a reversal of the judgment, it must appear that substantial prejudice resulted therefrom, and that the jury were influenced thereby to the material detriment of the party complaining."

Affirmed.

The Court acknowledges the aid of Supernumerary Judge CLYDE M. FOLLOWELL in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

WELCH, DAVISON, JOHNSON WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.