[*Crim. No. 3220. Fourth Dist., Div. One. Nov. 19, 1968.*]

THE PEOPLE, Plaintiff and Appellant, v. ROBERT LOUIS HALDEEN, Defendant and Respondent.

James Don Keller, District Attorney, and Richard H. Bein, Deputy District Attorney, for Plaintiff and Appellant.

Sheela, O'Laughlin, Hughes & Castro and Peter J. Hughes for Defendant and Respondent.

COUGHLIN, J.—Plaintiff appeals from an order granting a new trial to defendant Haldeen following his conviction by a jury. Haldeen and a codefendant, Donaldson, jointly were prosecuted and tried for possession of marijuana found in an automobile owned and operated by Haldeen, in which Donaldson was a passenger. Donaldson testified; disclaimed any knowledge of the marijuana; stated his acquaintance with Haldeen was only casual; and denied possession. Haldeen did not testify. Counsel for Donaldson, in his final argument before the jury, commented on the failure of Haldeen to testify and insinuated this fact supported the conclusion Haldeen rather than Donaldson was in possession of the marijuana. Counsel for Haldeen interrupted the argument and asked permission to address the court. The trial judge forthwith admonished the jurors on his own motion they were not to draw an inference of guilt from the fact a defendant did not testify. Thereupon, out of the presence of the jury, counsel for Haldeen moved for a mistrial on the ground comment had been made on the fact his client had not testified. Following argument, the court expressed "some doubt on the matter"; nevertheless, denied the motion; but stated he would "seriously entertain" a motion for a new trial in the event of

a conviction. The jury convicted Haldeen and acquitted Donaldson. Haldeen moved for a new trial. The court granted the motion.

The constitutional right of a defendant in a criminal case against self-incrimination confers the privilege not to testify and includes the right there shall be no comment in the case on the fact he has exercised that privilege. (*Chapman* v. *California*, 386 U.S. 18, 20-21 [17 L.Ed.2d 705, 708-709, 87 S.Ct. 824. 826]; *Griffin* v. *California*, 380 U.S. 609, 613-614 [14 L.Ed.2d 106, 109-110, 85 S.Ct. 1229, 1232].) He is denied this right where, among other instances, in the trial of a case against multiple defendants the comment is made by counsel for a codefendant. (*De Luna* v. *United States*, 308 F.2d 140, 152-154 [1 A.L.R.3d 969].) It is the fact of comment rather than the source of comment that effects denial of the right. (*United States* v. *McKinney*, 379 F.2d 259, 261-262; *De Luna* v. *United States, supra,* 308 F.2d 140, 152-154; *Blair* v. *Commonwealth*, 166 Va. 715 [185 S.E. 900, 901-902].)

Plaintiff contends the prejudicial comment is not a ground for a new trial because it is misconduct by counsel for a codefendant, and such misconduct is not among the grounds for granting a new trial set forth in Penal Code section 1181.

It is the duty of a trial court to protect defendant's Fifth Amendment rights. (*De Luna* v. *United States, supra,* 308 F.2d 140, 154.) In the discharge of this duty, when a prejudicial, proscribed comment has been made the court, upon request, should declare a mistrial. This is an appropriate measure to protect a defendant who has exercised his privilege not to testify. Denial of this protection is denial of a constitutional right (*De Luna* v. *United States, supra,* 308 F.2d 140, 154); is an error at law (*People* v. *Garcia*, 98 Cal.App. 702, 705 [277 P. 747]); and is ground for which a new trial may be granted. (Pen. Code, § 1181, subd. 5; *People* v. *Garcia, supra,* 98 Cal.App. 702, 705.)

A motion for a new trial in a criminal case must be made orally. (*People* v. *Skoff*, 131 Cal.App. 235, 239 [21 P.2d 118].) The record of the oral proceedings in the case at bench establishes one of the grounds upon which defendant Haldeen based his motion for a new trial was the denial of his previous motion for a mistrial. In granting the motion for a new trial the judge stated: "In my mind, I committed error . . . a motion for a mistrial should have been granted at the time that comment was made . . ."; and added, the

error was "compounded by my admonition sua sponte." Thus, it clearly appears the motion for a new trial was made and granted because of an error of the court "in the decision of a question of law during the course of the trial." (Pen. Code, § 1181, subd. 5.)

We are not concerned in this case with the question whether a proscribed comment or error in denying a mistrial is harmless under the rule in *Chapman*. (*Chapman* v. *California, supra,* 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].) The trial court, by its order granting a new trial, has found both the comment and its denial of a mistrial were prejudicial.

The trial judge has broad discretion in passing on a motion for new trial; in the exercise of that discretion determines whether an error is prejudicial; and his action in granting the motion will not be disturbed on appeal absent a clear showing of abuse of that discretion. (*People* v. *Roubus,* 65 Cal.2d 218, 220-221 [53 Cal.Rptr. 281, 417 P.2d 865]; *People* v. *Perkin,* 87 Cal.App.2d 365, 370 [197 P.2d 39].)

The district attorney concedes that comment by a codefendant in a joint trial upon the fact another codefendant did not testify, violates the latter's constitutional right to silence and should not be permitted. In the case at bench, on two occasions, the defendants moved for separate trials urging as a ground therefor, among others, the probability one of them might not testify and the other might comment on this fact. The motions were denied without expressly ruling on the question whether one codefendant may comment upon the fact another codefendant did not testify. The district attorney asserts counsel for defendants knew such a comment was not permissible; insinuates they jointly produced the situation resulting in the improper comment to obtain separate trials through an order granting a mistrial as to the nonoffending defendant; claims the admonition of the court to the jury removed the prejudicial effect of the comment; concludes under these circumstances denial of a mistrial was proper; and contends the order granting a new trial was an abuse of discretion.

In response to this contention defendant Haldeen mistakenly contends one codefendant has a right to comment on the fact another codefendant did not testify.

In California it is established the fact a defendant in a criminal case does not testify will not support an inference of guilt or the existence of any fact essential to the charge against him; is not proof of a consciousness of guilt; is not an

admission that the charge against him is true; has no evidentiary value; and is not relevant to any issue in the case. (*People* v. *Snyder,* 50 Cal.2d 190, 197 [324 P.2d 1]; *People* v. *Bernal,* 254 Cal.App.2d 283, 293-294 [62 Cal.Rptr. 96]— hearing denied—certiorari denied October 14, 1968; see also *Grunewald* v. *United States,* 353 U.S. 391, 421 [1 L.Ed.2d 931, 952, 77 S.Ct. 963, 982]; *United States* v. *McKinney,* 379 F.2d 259, 261-262, 264.) For this reason, comment upon the fact is improper and may be foreclosed by appropriate court action. (See *United States* v. *McKinney, supra,* 379 F.2d 259, 262, 264.)[1]

The district attorney expresses concern that use of the mistrial technique allegedly adopted in the instant case will eliminate joint trials contrary to the policy established by Penal Code Section 1098. His concern fails to take into account the authority of the trial judge to control the proceedings (*Hays* v. *Superior Court,* 16 Cal.2d 260, 264 [105 P.2d 975]); to take appropriate measures to protect the constitutional rights of a defendant (*Hoel* v. *City of Los Angeles,* 136 Cal.App.2d 295, 307 [288 P.2d 989]; see also *De Luna* v. *United States, supra,* 308 F.2d 140, 153); to warn counsel in a joint trial prior to its commencement that comment upon the fact a defendant does not testify is impermissible, unless he waives his right in the premises; to order adherence to the no comment rule; and to deal with any infractions as misconduct of counsel for which there is an appropriate remedy and punitive action. (See Code Civ. Proc., § 1209, subds. 3, 5 and 8; Bus. & Prof. Code, § 6103; *Marshall* v. *Taylor,* 98 Cal. 55, 62 [32 P. 867, 35 Am.St.Rep. 144].)

In the case at bench the trial judge did not find bad faith on the part of counsel for defendants; determined the comment in question was proscribed and prejudicial; believed his admonition to the jury compounded the prejudicial effect of the comment; and granted a new trial to correct this error. Plaintiff's contention this was an abuse of discretion is without merit. (Gen. see *Merralls* v. *Southern Pac. Co.,* 182 Cal. 19, 22-23 [186 P. 778]; see also *People* v. *Ah Len,* 92 Cal. 282, 284 [28 P. 286, 27 Am.St.Rep. 103].)

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

---

[1]Defendant's reliance upon the opinion in *De Luna* v. *United States,* 308 F.2d 140, 143 [1 A.L.R.3d 969], in support of his position is premised on dicta in that case rather than a ruling upon the issue.