**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David KAPLAN and Hamilton Cletis Jones, Defendants-Appellants.**

No. 77–5365.

United States Court of Appeals, Fifth Circuit.

July 12, 1978.

Gordon Marcum, III (Court-appointed), Midland, Tex., for David Kaplan.

Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for H. E. Jones.

Jamie C. Boyd, U. S. Atty., LeRoy Mogran Jahn, W. Ray Jahn, Asst. U. S. Attys., Wayne F. Speck, Trial Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEWIN, GODBOLD and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellants appeal their conviction by a jury of conspiracy to commit theft from an interstate storage facility and unlawful sale of fraudulently acquired goods in contravention of 18 U.S.C. §§ 371 and 2315. Each appellant received concurrent five-year sentences for each count. We affirm.

The facts are complex and do not materially bear on the merits of the appeal. Therefore, only the facts as germane to the analysis will be reviewed as each issue is treated.

In the most significant issue of this appeal,[1] appellant Jones contends that the court erred in failing to grant appellant's motion for a mistrial after Jones was erroneously called as a witness by his co-defendant, Kaplan. The circumstance that precipitated this occurrence was appellant Kaplan's determination to proceed *pro se.*

---

1. Appellant Jones also contends on appeal that the evidence was insufficient to allow submission of the case to the jury and that his motion for acquittal should have been granted. In testing the sufficiency of evidence for submission to the jury, the standard applied is whether a reasonable jury *must* entertain a reasonable doubt as to the existence of the elements of the offense. *United States v. Barrera*, 547 F.2d 1250, 1255 (5th Cir. 1977). We have reviewed appellant's claim with regard to this standard and find it to be meritless.

After the court determined appellant would proceed *pro se,* Kaplan was instructed that he would be held to the same standards as an attorney. Additionally, in the pre-trial conference, immediately prior to trial, the court instructed Kaplan that Jones could not be called as a witness unless he first agreed and that should Kaplan desire to call, the motion should be made out of the presence of the jury. Kaplan, nonetheless, brazenly called Jones in open court. The court immediately ordered the jury removed and chastised Kaplan. When the jury returned Kaplan retracted Jones as a witness and the court gave curative instructions immediately and at the close of the case. Appellant argues that his right to remain silent under the fifth amendment was abrogated when his co-defendant called him as a witness because his failure to testify was thereby commented on before the jury. We agree. In *DeLuna v. United States,* 308 F.2d 140 (5th Cir. 1962) this court held that the fifth amendment rights of a defendant were violated when counsel for co-defendant commented on the defendant's failure to testify. Thus, it is clear to us that the *identity* of the transgressor is not dispositive; it is the effect of the comment on the jury that is. In the instant case had the prosecution attempted to call Jones in open court there is no question that such action would constitute an impermissible violation of the fifth amendment. Because we are concerned not with fault but with prejudice, the same result must follow in the case *sub judice.* We therefore hold that it was error for the co-defendant Kaplan to call Jones to the witness stand in open court.

■ Although we are prepared to hold that it was error to call appellant, we are not prepared to hold it reversible. The transgression was of short duration, the request withdrawn before the jury, and curative instructions were given immediately and again prior to the case going to the jury. Moreover, we do not consider the occurrence so highly prejudicial that it was incurable. There was no direct comment on Jones' failure to testify and the jury was not asked to infer guilt from that failure. We therefore hold that the error was cured by the actions of Kaplan and the court, and therefore the error is not reversible.

■ Appellant Kaplan's most significant contention on appeal[2] is that the district court erred in failing to grant appellant's motion for severance. The authority is clear that the denial of severance shall not constitute abuse of discretion unless (1) the testimony of the co-defendant would be exculpatory, (2) the testimony is not cumulative nor weightless, (3) that the co-defendant would be willing to testify if separate trials were held. *United States v. Cravero,* 545 F.2d 406, 412 (5th Cir. 1976) *cert. denied,* 429 U.S. 1100, 97 S.Ct. 1123, 51 L.Ed.2d 549 (1977); *United States v. Cochran,* 499 F.2d 380, 392 (5th Cir. 1974) *cert. denied,* 419 U.S. 1124, 95 S.Ct. 810, 42 L.Ed.2d 825 (1975). Unfortunately for appellant, Jones was asked by the trial court if he would testify and he declined. The court was justified to deny the motion because it did not appear likely that the co-defendant would testify if the causes were severed. Therefore, the denial of the motion did not constitute an abuse of discretion.

■ Kaplan also contends that the judgment should be reversed because his pre-trial incarceration was cruel and unusual punishment in contravention of the eighth amendment. We do not find it necessary to investigate the merits of appellant's claim because we hold that reversal of a valid judgment is a remedy not available for violation of eighth amendment rights. Appellant has cited no authority from this or other jurisdiction for the proposition that reversal of a conviction is an available remedy for pre-trial incarceration violative of the eighth amendment. Nothing in the

---

2. Appellant Kaplan also contended that proof varied fatally from the indictment. The only variance we can detect is that the indictment referred to pipe sold to a "United Supply" whereas proof at trial was offered showing pipe offered to "United Pipe and Supply." This minor variance certainly cannot support reversal in absence of any real prejudice.

eighth amendment indicates any connection between violation and the validity of an underlying judgment. Money damages and injunctive relief are more appropriate. Indeed, there is no connection between pre-trial incarceration and the validity of a judgment that the remedy of reversal would strengthen. Nor is there any suggestion that the incarceration complained of affected preparation for trial or in any way contributed to an invalid judgment. *State v. Williams*, 157 Conn. 114, 249 A.2d 245, *cert. denied*, 395 U.S. 927, 89 S.Ct. 1783, 23 L.Ed.2d 244 (1968). Reversal would neither deter future violations of the eighth amendment, nor in any sense cure violations that had already occurred. We therefore hold that the remedy sought is not available for eighth amendment violations in the pre-trial incarceration. *State v. Coleman*, 460 S.W.2d 719 (Mo.1970).

AFFIRMED.