Keith Earl BUSBY and Clinton Webb, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 05–85–01344–CR, 05–85–01402–CR.

Court of Appeals of Texas, Dallas.

Nov. 6, 1986.

Gerald L. Skor, Dallas, for appellants.

Keith E. Jagmin, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, DEVANY and McCLUNG, JJ.

DEVANY, Justice.

Appellants Clinton Webb and Keith Busby, along with codefendant John Will Webb, were tried before a jury and convicted of aggravated robbery. The jury assessed punishment at life imprisonment for Clinton Webb and at fifty years confinement for Keith Busby. Appellants assert that the trial court erred in: (1) denying their motions for severance, (2) admitting evidence that appellants exercised their fifth amendment right to remain silent, and (3) allowing counsel for appellants' co-defendant to comment on appellants' exercise

of their fifth amendment right to remain silent. While appellants bring forward other points of error, our disposition of this case requires us to only discuss the assertions mentioned above. We agree with appellants' contention that severance should have been granted. We also agree that admitting evidence that appellants exercised their fifth amendment right to remain silent as well as allowing counsel for appellants' codefendant to comment on appellants' silence was error. Consequently, we reverse the judgment of the trial court.

Pursuant to article 36.09 [1] appellants made a pre-trial motion for severance. A hearing was held on the motion. At the hearing, counsel for John Webb testified that he intended to present evidence that his client had cooperated with the authorities while appellants chose to remain silent when questioned about the offense and had not cooperated. He further testified that in the event his client was found guilty he would again put to the jury that his client was the only one of the co-defendants to cooperate with the authorities and, therefore, leniency should be shown his client. After hearing the evidence, the trial court denied appellants' motion for severance. This motion was reurged and overruled at several subsequent stages of the trial.

As counsel for John Webb had promised, appellants' post-arrest silence was soon brought before the jury. During the guilt/innocence stage of the trial, the following exchange occurred:

Q. Officer, you talked to John Webb on more than one occasion?

A. Yes, sir, I did.

Q. Okay. And he was being cooperative with you when you were discussing things with him?

A. Yes.

Q. He was giving you information?

A. Yes, he did give me information.

Q. Okay. Now, when you talked to— did you talk to Clinton Webb?

---

1. Unless otherwise specified, all references are to TEX.CODE CRIM.PROC.ANN. art. 36.09 (Vernon 1981).

A. Yes, I talked to him.

Q. Okay. Was he cooperative with you?

A. Well, he answered the questions.

Q. Was he cooperative with you?

A. Concerning the offense?

Q. Yes.

MR. SCOTT: Excuse me, Judge. May we approach the bench?

THE COURT: All right. (Whereupon, a discussion was had at the bench with the Court and counsel, out of the hearing of the jury and the court reporter.)

THE COURT: Why don't you ask your last question again, please.

Q. (By Mr. Udashen) Okay, Officer, my question was, when you spoke to—I think we're talking about Clinton Webb; is that correct?

A. That's correct.

Q. When you spoke to Clinton Webb, was he cooperative with you when you questioned him concerning the offense?

MR. BYCK: To which we'll object, Your Honor, for reasons heretofore given.

THE COURT: Overruled.

A. Not about the offense.

Q. (By Mr. Udashen) Okay. He was cooperative about other things but not about the offense?

A. He would answer questions.

Q. But not about the offense?

A. No.

Q. Okay. Now, you spoke to Keith Busby?

A. Yes, I did.

MR. SKOR: To which we will object, Your Honor, as any questions or answers concerning the post-arrest rights of an individual to remain silent we would object to any questioning as to that area concerning the defendant, Keith Busby.

THE COURT: Overruled.

Q. (By Mr. Udashen) Okay. Was Keith Busby—first of all, Keith Busby talked to you?

A. Yes.

Q. Okay. Was he cooperative with you when you questioned him concerning the offense?

A. No.

Q. Okay. So the only one of these three men that was cooperative with you is John Webb?

A. That's correct.

During the punishment stage of the trial, counsel for John Webb was allowed to argue the following:

THE COURT: All right. In that case, Mr. Udashen?

MR. UDASHEN: Yes, sir.

Ladies and gentlemen, let me first of all, not to quibble with what the judge says, but there's not two sides in this trial, there's really four sides in this trial. I'm not representing the other two men over there, I only represent John Webb.

And as you will recall from the testimony, John Webb is the one who had the—who got up on the witness stand and tried to tell you what happened. He's the one who got up there and told you what he—his version of what happened on this offense was. He's the one who cooperated with the police. Keith Busby did not cooperate with the police.

MR. SKOR: To which we're going to object, Your Honor. It's a comment on the defendant's right to remain silent, and we object.

THE COURT: That objection will be overruled.

MR. SKOR: We would reurge our motion for severance in view of the Court's ruling, Your Honor.

THE COURT: It will be denied.

MR. UDASHEN: And Clinton Webb did not cooperate with the police.

MR. BYCK: Likewise we object, Your Honor. It's a direct comment on the defendant's failure to testify and the exercise of his Fifth Amendment privileges.

THE COURT: Overruled.

MR. BYCK: Move for severance.

THE COURT: Motion denied.

\*      \*      \*      \*      \*      \*

MR. UDASHEN: Now, Investigator Coughlin told you that John Webb cooperated with him. Now, I'd submit to you that he should receive some consideration along with Raymond Watkins for that cooperation. He gave them some information, he helped them solve this case.

I'm not saying he was blameless as far as his involvement here, but I'm simply saying that he did do something of a positive nature. He brought these other two men to justice by his statements. I mean, he should receive some consideration for that.

\*　　\*　　\*　　\*　　\*　　\*

This is not one person we're talking about, this is three different people we're talking about here. Keep it in mind. John Webb is the one who cooperated. The other two are the two who did not cooperate, stood on their consitutional [sic] rights, said, "I don't want to talk to you about the case." They're the ones—

MR. SKOR: To which we're going to object again, Your Honor, as a comment on the rights of Keith Earl Busby to remain silent as given to you by the Constitution. We object.

THE COURT: Overruled.

MR. BYCK: Same objection, Your Honor.

MR. SKOR: Note our exception.

THE COURT: Overruled.

█ A comment on the fact that a defendant elects to exercise his constitutional right of silence is a violation of the privilege against self-incrimination guaranteed by Article I, sec. 10 of the Texas Constitution and the express provisions of TEX. CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979); *Stafford v. State*, 578 S.W.2d 394, 395 (Tex.Crim.App.1978). Such a comment also contravenes the federal constitutional guarantees against self-incrimination contained in the Fifth Amendment, made applicable to the states by the Fourteenth Amendment. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The Fifth Amendment applies with equal force to the punishment phase of a trial as well as to the guilt/innocence phase. *Estelle v. Smith*, 451 U.S. 454, 463, 101 S.Ct. 1866, 1873, 68 L.Ed.2d 359 (1981); *Gholson v. Estelle*, 675 F.2d 734, 739 (5th Cir.1982).

█ In a criminal trial an accused has a constitutionally guaranteed right of silence free from prejudicial comments, even when they come only from *a co-defendant's attorney. DeLuna v. United States*, 308 F.2d 140, 141 (5th Cir.1962); *People v. Haldeen*, 267 Cal.App.2d 478, 73 Cal.Rptr. 102, 103 (1968); 1 A.L.R.3d 969. *See also United States v. Berkowitz*, 662 F.2d 1127, 1136 (5th Cir.1981). Comment on an accused's silence is not improper only if it comes from a representative of the State but is *always improper because of the effect on the jury. United States v. Kaplan*, 576 F.2d 598, 600 (5th Cir.1978); *DeLuna*, 308 F.2d at 152; *Haldeen*, 73 Cal. Rptr. at 103. Indeed, it has been said that the effect on the jury of comment by a co-defendant's attorney might well be more harmful than if it comes from a judge or prosecutor. *DeLuna*, 308 F.2d at 152. This is so because, while a judge, and to a lesser degree a prosecutor, would be expected to recognize his responsibility for fair comment, no such restraint would be expected from an attorney duty-bound to zealously represent his client. *Id.* Therefore, if an attorney's duty to his client should require him to draw the jury's attention to a co-defendant's silence, it then becomes the *trial judge's duty to order that the defendants be tried separately. United States v. Aguilar*, 610 F.2d 1296, 1301 (5th Cir.1980); *DeLuna*, 308 F.2d at 141.

█ In the case at bar, the trial judge inexplicably *denied* appellants' motions for severance and *allowed*[2] counsel for John

---

**2.** In those cases where severance was denied, and such denial was upheld on appeal, the trial courts uniformly refused to allow counsel for one co-defendant to comment on the silence of another co-defendant. *E.g., United States v. Johnson*, 713 F.2d 633 (11th Cir.1983), *cert. de-*

Webb to adversely comment, at both the guilt/innocence and punishment phase of the trial, on appellants' constitutionally guaranteed right of silence. This was error. The trial judge was fully informed at the pre-trial hearing that counsel for John Webb intended to present evidence of appellants' silence. This being so, severance should have been granted. As stated earlier, to deny appellants' motion for severance and allow counsel for John Webb to adversely comment on appellants' silence was improper. We cannot say from the record before us that such error was harmless. We, therefore, reverse the judgment of the trial court and the cause is remanded to the trial court for a new trial.

*nied,* 465 U.S. 1081, 104 S.Ct. 1447, 79 L.Ed.2d 766 (1984); *Gurleski v. United States,* 405 F.2d 253 (5th Cir.1968), *cert. denied,* 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769 (1969). In our case, such comments were allowed over numerous objections by appellants.