**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

      No. 06-1129

VERNON W. TEMPLEMAN,

      Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 05-cr-00342-REB)**

---

R. Scott Reisch, The Reisch Law Firm, Denver, Colorado, for Defendant-Appellant.

James C. Murphy, Assistant Unites States Attorney (Troy A. Eid, United States Attorney and Matthew Kirsch, Assistant United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.

---

Before **BRISCOE, BALDOCK,** and **HARTZ**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

A jury convicted Defendant Vernon Templeman and three co-defendants of retaliation against a witness in violation of 18 U.S.C. §§ 1513(b)(1) & 2, and conspiracy to commit the same in violation of 18 U.S.C. § 371. Defendant argues

on appeal the district court should have granted his motion for a mistrial after a pro se co-defendant called him to the witness stand in the presence of the jury. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

I.

Defendant and several co-defendants were tried jointly. The Government alleged Defendant and co-defendant Carl Pursley assaulted Jessie Cluff because the latter had testified against Pursley and one other co-defendant at a different proceeding. At the conclusion of the Government's case in chief, Defendant presented no evidence and rested his case. Subsequently, while in the presence of the jury and without notice to the court or Defendant, Wendel Wardell, a pro se co-defendant, called Defendant to the stand as a witness. Defendant immediately objected and moved for a mistrial pursuant to Fed. R. Crim. P. 26.3. The court promptly dismissed the jury. In response to the court's inquiry, Pursley, also acting pro se, explained to the court he was "somewhat at fault in helping precipitate this" because he and Wardell believed that calling Defendant to testify was necessary to preserve their right to appeal the district court's prior denial of their motion for severance. Wardell echoed Pursley's explanation and apologized to the court.

The district court denied Defendant's motion for a mistrial. The court concluded that although Wardell should not have called Defendant to the stand in front of the jury, "very little prejudice, if any," resulted from Wardell's blunder. The court further concluded any prejudice would be limited by properly instructing the

2

jury on Defendant's rights.  At the close of the evidence, the court instructed the jury in instruction nine as follows:

> The defendant in a criminal case has an absolute right under our Constitution not to testify.
>
> The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.
>
> As stated before, the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

Defendant timely appealed.

## II.

We review for an abuse of discretion a district court's refusal to grant a motion for a mistrial.  See United States v. Martinez, 455 F.3d 1227, 1129 (10th Cir. 2006). A mistrial is proper where an error impairs a defendant's right to a fair and impartial trial.  Id.  We will not disturb a district court's decision to deny a motion for a mistrial unless the decision "was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment."  Id. (quoting United States v. Stiger, 413 F.3d 1185, 1194 (10th Cir. 2005)).

Defendant argues Wardell's attempt to call him as a witness "was intended as a comment" on his failure to testify.  Defendant's argument is essentially a Griffin challenge.  In Griffin v. California, 380 U.S. 609, 615 (1965), the Supreme Court

3

held a defendant's Fifth Amendment privilege against self-incrimination prohibits a prosecutor from commenting on a defendant's exercise of his right not to testify. In United States v. Walton, 552 F.2d 1354, 1362-63 (10th Cir. 1977), we extended Griffin to prohibit comments by a co-defendant's counsel on a defendant's failure to take the stand. See also United States v. McClure, 734 F.2d 484, 491 (10th Cir. 1984). We have no reason to doubt the protection the Fifth Amendment affords a defendant applies with equal force when a pro se co-defendant comments on a defendant's failure to testify. See United States v. Kaplan, 576 F.2d 598, 600 (5th Cir. 1978) (addressing a pro se co-defendant's attempt to call a defendant to the stand).

Undoubtedly Wardell's attempt to call Defendant to testify in the presence of the jury was improper. Yet a mistrial is a "drastic sanction." Not all improper comments require a new trial. Rather, only comments which threatened to deny a defendant a fair trial require such sanction. See United States v. Gabaldon, 91 F.3d 91, 95 (10th Cir. 1996). When evaluating comments bearing upon a defendant's failure to testify, we look to see if the language used was "manifestly intended to be a comment on the defendant's failure to testify" or was of "such character that the jury would naturally and necessarily take it to be such a comment." United States v. Rahseparian, 231 F.3d 1267, 1273 (10th Cir. 2000). "The court must look to the context in which the statement was made in order to determine the manifest intention which prompted it and its natural and necessary impact on the jury." United States

4

v. Morales-Quinones, 812 F.2d 604, 613 (10th Cir. 1987). Because the comments' likely impact on the jury is paramount, the answer to the question of whether such comments on a defendant's failure to testify require a mistrial ultimately turns on discernible prejudice to the defendant. See Kaplan, 576 F.2d at 600.

Applying this standard, we cannot conclude that in attempting to call Defendant to testify, Wardell manifestly intended to comment to the jury on Defendant's silence or sought to create an inference of Defendant's guilt from his silence. Compare Kaplan, 576 F.2d at 600. As the record reflects, Wardell was under the impression, albeit a mistaken one, that calling Defendant to testify was necessary to preserve his right to appeal the court's denial of his severance motion. Similarly, we do not believe a reasonable jury would "*naturally and necessarily*" take Wardell's attempt to call Defendant to the stand as a comment on Defendant's exercise of his right to remain silent. Rahseparian, 231 F.3d at 1273 (emphasis added). At no point during the proceedings did Wardell expressly comment or allude to the fact Defendant had refused to testify in his own defense.

Finally, the court's jury instructions dispelled any prejudice that might have resulted from Wardell's conduct. See United States v. Davis, 40 F.3d 1069, 1079 (10th Cir. 1994) (holding "potentially prejudicial statements by a codefendant's counsel can be remedied through jury instructions"). Jurors are presumed to follow the judge's instructions. See United States v. Chanthadara, 230 F.3d 1237, 1251 (10th Cir. 2000). Because no likelihood exists that Wardell's conduct improperly

5

influenced the jury, the district court did not abuse its discretion in denying Defendant's motion for a mistrial.

AFFIRMED.